## LAMAR *vs.* JENNINGS.

Where a husband has separated from his wife, whose conduct is
    blameless, until provision is made for her support voluntarily or by
    decree or order of court, the husband is liable to one who furnishes
    her with board, clothing and necessaries.   But one so furnishing
    her stands on the same plane as any other creditor of the husband,
    and has no lien which he can assert on property of the husband
    sold to a *bona fide* purchaser for value before his claim has been
    reduced to judgment.   Section 1721 of the Code restricts the alien-
    ation of property by the husband after separation, for the purpose
    of securing alimony to the wife when sought by her, and does not
    operate in favor of third parties.
(*a.*)  This restriction upon the free alienation of property by the owner
    is contrary to public policy, and will not be extended by construc-
    tion beyond the plain intent and meaning of the law.
    December 12, 1882.

Husband and Wife.   Alimony.   Title.   Liens.   Be-
fore Judge SNEAD.   Richmond Superior Court.   Octo-
ber Term, 1881.

A *fi. fa.* in favor of Lamar *vs.* Blair, was levied on cer-
tain land, which was claimed by Mrs. Sarah Jennings.

The case was tried upon an agreed statement of facts, which was, in brief, as follows:

In 1859, Blair was married to Melinda Lamar, the daughter of plaintiff, and deserted her in 1871. She thereupon returned to her father with whom she has since lived. In 1872 Lamar brought suit against Blair for board furnished his wife, and in 1875 recovered a judgment which was paid by Blair. During that year, Blair became possessed by inheritance of the land now levied on. In 1877 Lamar again sued for board and necessaries furnished to Mrs. Blair, and recovered judgment in July of that year. Prior to the recovery of judgment, Blair sold the land to Jennings, who died, and his widow the present claimant, succeeded him by inheritance.

By agreement these facts were submitted to the court for the purpose of allowing him to apply the law applicable thereto, and direct a finding of the jury accordingly. The court directed a finding for the claimant, holding that section 1721 of the Code did not apply to this case, and that section 1749 created a liability for the board and maintenance of the wife, but did not affect the property conveyed, not having been reduced to judgment before the conveyance. To this ruling plaintiff excepted.

F. H. MILLER; W. K. MILLER, for plaintiff in error.

FOSTER & LAMAR, by brief, for defendant.

SPEER, Justice.

The question presented by this record for review is, whether the property of the husband is so affected by the fact of separation from the wife that a *bona fide* purchaser for full value cannot acquire title against a judgment of the wife's father for board and necessaries of the wife during such separation; such purchase being prior to the judgment and there being neither libel for divorce nor application for alimony by the wife pending. The court

below held that section 1721 of the Code was a part of the divorce law of the state, and had no application to the case made by the agreed statement of facts, and would not be extended beyond the provisions of the statute. Section 1721 of the Code declares: "After a separation, no transfer by the husband of any of the property, except *bona fide* in payment of pre-existing debts, shall pass the title so as to avoid the vesting thereof according to the final verdict of the jury in the cause."

The purpose of this section clearly was to guard and secure alimony to a wife, after separation, out of the estate of her husband by imposing restrictions upon its alienation unless in payment *bona fide* of a pre-existing debt.

As against both husband and wife existing creditors at the time of separation have equities higher than either. But next to these the law intervenes to protect the wife. But the law, to give this protection, must be invoked. A mere naked legal right avails nothing unless asserted by proper proceedings. What is the protection here tendered to the wife, after separation? She must act and claim this preference, either by suit for divorce or claim for alimony. The restriction imposed is that such alienation by the husband (except *bona fide* and in payment of a pre-existing debt) shall not pass the title "so as to avoid the vesting thereof according to the final verdict of the jury in the cause." She has this claim to her alimony superior to the title of a *bona fide* vendee whenever the jury who investigates her claim and her conduct vests the title in her by a final verdict in the cause. But if she never asserts this, her prior right and equity, it remains in abeyance, and the vendee of the husband holds against all others where he has bought of the husband *bona fide* and before judgment of other creditors. This, it will be observed, is not a contest between the wife claiming her alimony in her own right under a final verdict and judgment and a vendee buying after separation.

It is true, unless provision is made voluntarily or by

decree, the husband who has separated from his wife is liable to one who furnishes her with board, clothing and necessaries, where her conduct is blameless. Code, §1749. But it will be observed this section declares simply this liability; it gives to such creditor no preferred claim upon the husband's estate, and imposes no restraint upon the husband in the alienation of his estate as to such debt, if made *bona fide* and for value. On the other hand, he stands as any other creditor of the husband, and can avail himself alone of like remedies to collect his debt.

Such, in our judgment, is the position of the plaintiff in error; when his daughter was abandoned by her husband, he received her and provided for her, an act both of justice and humanity, no doubt, to her; part of her expenses has been paid; but when he seeks to condemn property of the husband that, according to the record, was alienated by him *bona fide* and for value before judgment, he must fail as any other creditor would under like circumstances,

This restriction upon the free and unrestricted alienation of prpoperty by the owner is contrary to public policy, and we cannot extend it by construction beyond the plain intent and meaning of the law. This wife rested uncomplainingly under this desertion by the husband, so far as the record shows, through a series of many years She filed no suit for divorce or made no application for alimony. Had she done so and secured a judgment either in money or property, her title would have vested superior to that of the vendee who bought after the separation *bona fide* and for value. But the law gives no such advantage to one who supplies her food and clothing, and we cannot by construction give such effect to the Code, however equitable and just may be the claim of the plaintiff in error.

Authorities cited by plaintiff in error: Code, §§1758, 1736; 3d Hurlstone & N., 261; Code, §§1749, 1736, 1757, 1758, 1721; 44 *Ga.*, 437; 52 *Ib.*, 394; 65 *Ib.*, 193; 23 *Ib.*,

401; 55 *Ib.*, 215; 60 *Ib.*, 357; 65 *Ib.*, 461; 44 *Ib.*, 447; 65 *Ib.*, 193; *Ib.*, 676; 59 *Ib.*, 72, 256; 6 *Ib.*, 166.

By defendant in error: 52 *Ga.*, 389–93; 44 *Ga.*, 437; 62 *Ib.*, 427; 58 *Ib.*, 86; 59 *Ib.*, 613; Code, 1721; *Ib.*, 1749; 52 *Ga.*, 394.

Judgment affirmed.