## MOHR *vs.* DILLON.

1. An auctioneer's memorandum as follows: "Sale in front of store, June 18, 1886, D. R. Dillon (Mohr Bros.), A. Mohr. 100 acres of land, fronting Waters R., at 15¾, $1,575," being ambiguous on its face, may be explained by parol evidence; and in this case, evidence showing that the land was bounded in a certain way and fronted on Waters road, that the D. R. Dillon referred to was the owner of the land which was sold for him by the auctioneer, and that the A. Mohr named was the purchaser, was properly admitted.
   (*a*) At common law and in many of the States of the Union, such evidence would not have been admissible; but under our code it was undoubtedly proper.
2. The rule as to the admissibility of parol evidence to explain a patent ambiguity in a deed to land applies with equal force to an auctioneer's memorandum of the sale of land.

3. Where a testator devised land to a legatee, and the land was turned over to the legatee by the executors, it became the property of the legatee. If other legatees had any complaint to make of the manner in which the estate was administered, that would be a matter between them and the executor. Hence, that legatees under such a will sued the executors, claiming that certain expenses should not be put on that part of the estate willed to them, to which suit the legatee first named was not a party, would not cloud the title of the said legatee to the lands turned over to him.

April 4, 1888.

Auctioneer's memorandum. Ambiguities. Evidence. Legacy. Title. Before Judge HARDEN. City court of Savannah. February term, 1887.

Reported in the decision.

DENMARK & ADAMS, for plaintiff in error.

J. R. SAUSSY, *contra.*

BLANDFORD, Justice.

Daniel R. Dillon brought his action against Anson Mohr to recover damages in the sum of $500; it being alleged by the plaintiff in his declaration that he had caused to be put up at auction for sale a certain tract of land of which he was owner; at which sale the defendant was the highest bidder and was declared the purchaser, the land being knocked down to him for a specified sum; and that, notwithstanding the plaintiff had been ready and willing to make good and sufficient titles to the land and deliver possession of the land to the defendant, upon his paying the purchase money therefor, the defendant had failed and refused to comply with his part of the contract and to pay for the land as he had agreed to do.

The case was left to the judge to decide without the intervention of a jury. Upon the trial, a certain newspaper containing an advertisement for sale by De la Roche & Sons, auctioneers, of certain lands described, was introduced in evidence for the plaintiff, without objection on

the part of the defendant. The auctioneer himself was sworn, and testified as to what lands were sold and the price they brought, and who bought the property; and a memorandum in writing of the entries of the auctioneer was put in evidence, over the objection of the defendant that the entries were imperfect and so incomplete as not to show any contract between the parties as to the sale of the property. The court allowed, over objection of the defendant, parol evidence to show that Daniel R. Dillon, whose name appeared in this memorandum, was the owner and vendor of this property. Testimony was introduced to show at what time Dillon's name was entered upon the auctioneer's book of entries. The testimony does not indicate very satisfactorily when it was entered upon the memorandum; whether it was entered before this action was brought or not. The exemplification of a record was introduced in evidence for the purpose of showing that there was a cloud upon the title of the property, the record being of a pending suit in Chatham superior court, brought by certain legatees of David R. Dillon, under his last will and testament, against the executors, in which they claimed that certain expenses ought not to be put upon them or upon that part of the estate which was willed to them. Daniel R. Dillon has no part in that proceeding. It appears that this land was devised by the will of David R. Dillon to Daniel R. Dillon, and had been turned over to him by the executors. The court held that there was no cloud upon the title, and found in favor of the plaintiff, assessing his damages at the sum of $492.50 and costs of suit; and to this finding the defendant excepted.

1. The code, §1950, provides that contracts for the sale of lands or any interest in, or concerning them, shall be in writing. Section 2630 provides that " in cases of sales by auction, the auctioneer shall be considered the agent of both parties, so far as to dispense with any farther memorandum in writing than his own entries." The great

question in this case is this: whether, this memorandum in writing being ambiguous upon its face as to who was the purchaser and who the vendor, and as to the land itself, parol evidence could be admitted for the purpose of explaining the same. Section 3801 of the code provides that " parol evidence is admissible to explain all ambiguities, both latent and patent." Section 2757 is more extended in its provisions. It provides that in arriving at the true interpretation of contracts, " all the attendant and surrounding circumstances may be proved, and if there is an ambiguity, latent or patent, it may be explained; so if a part of a contract only is reduced to writing, . . . and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible." " The rules of grammatical construction usually govern, but to effectuate the intention they may be disregarded; sentences and words may be transposed and conjunctions substituted for each other; in extreme cases of ambiguity, where the instrument, as it stands, is without meaning, words may be supplied."

The memorandum is as follows:

" Sale in front of store, June 18, 1886. D. R. Dillon (Mohr Bros.), A. Mohr. 100 acres of land, fronting on Waters R., at 15¾, $1,575."

It is manifest that from the paper itself it cannot be ascertained who was the seller and who the purchaser. Nor does it give definitely the location and boundaries of the land. Although the materials of the contract are in the writing, the writing, taken by itself, is incomplete; and under these circumstances, we think that, under our code, parol evidence is admissible to explain the writing. In this case it was explained by the auctioneer, who showed that the hundred acres referred to in the memorandum were bounded in a certain way, that the D. R. Dillon referred to was the owner of the land which was sold for him by the auctioneer, and that the A. Mohr named in the memorandum was the purchaser. We think this testimony was admissible. At common law it would not have

been admissible, and we are not aware that it would be in other States of the Union, but under the code of this State, which in this respect amounts to a repeal of the common law, it was undoubtedly proper.

2. If this had been a solemn deed, signed, sealed and delivered between the parties, and contained ambiguities, we do not see any reason why parol evidence would not have been admissible to explain the ambiguities ; where a deed cannot, upon its face, be understood, there is no reason why parol evidence would not be admissible to show the meaning of the deed, and make it speak the true intent of the parties.   The statute of frauds requires that any contract concerning the sale of lands must be in writing ; and this is true as well when the sale is made by an auctioneer, the agent of the parties, as when it is made between the parties alone.

3. We think, furthermore, that in this case there was no cloud upon the title of the plaintiff, Dillon.   It is not denied that the testator, David R. Dillon, was the owner of the land at the time of his death, and that the land was turned over to Daniel R. by the executors of David R.   If the legatees under the will had any complaint to make of the manner in which the estate was being administered by the executor, that was a matter between them and the executor.   After he had turned over the property to Daniel R. Dillon, it became his property ; he had a clear title so far as appears from this record.   We think the court was right in its rulings, and the judgment of the court below is affirmed.