Driver v. Driver et al.

A wife, in her suit for alimony, having made a purchaser from her husband of certain land a joint defendant with him, and in her petition having prayed for both permanent and temporary alimony, and having therein attacked the conveyance of the land as fraudulent because made to defeat her claim for alimony and prevent its collection, and pending the suit a general judgment in her favor having been rendered against her husband for temporary alimony, without any adjudication touching her right to subject the land in question for its payment, and an execution founded upon that judgment having been issued against the husband alone and levied upon some of the land in controversy, in resistance to which levy a claim was interposed by the other defendant in the alimony suit; and while this claim was pending a final decree in the alimony case having been rendered upon and in conformity with a verdict of the jury which found in favor of the wife as permanent alimony a certain specific parcel of land, which parcel embraced one fourth of the particular land levied upon and claimed, and the verdict and decree being silent touching temporary alimony and touching the judgment therefor, the levy and the claim case, and being silent also as to the purchaser's right and title, the result was, upon a proper construction of the verdict and decree in the light of the pleadings and of the extrinsic facts above recited, that the wife's rightful claim against the land, as between her and the purchaser thereof, was limited to so much of the land as she recovered by her suit for alimony, and that the balance of it was the property of the purchaser, free from alimony, both permanent and temporary. Consequently, upon a subsequent trial of the claim case a verdict should have been rendered for the claimant as to three fourths of the premises embraced in the levy, and it was error to direct a general verdict in favor of the plaintiff in execution.                                        *Judgment reversed.*

March 26, 1894. Argued at the last term.

v 94-29

Levy and claim.   Before Judge JANES.   Haralson superior court.   January term, 1893.

The facts are sufficiently stated in the syllabus.

J. S. EDWARDS and W. F. BROWN, for plaintiff in error.
ADAMSON & JACKSON and S. L. CRAVEN, contra.