*F. W. Capers,* for plaintiff. *C. Henry Cohen,* for defendant.

---

SINGLETON *v.* CLOSE.

1. Section 2436 of the Civil Code,—"After a separation, no transfer by the husband of any of the property, except bona fide in payment of preexisting debts, shall pass the title so as to avoid the vesting thereof, according to the final verdict of the jury in the cause,"—construed in connection with its cognate sections, does not restrict a transfer by a husband of his property, made bona fide and for value, prior to the institution of a divorce suit, but is operative only on conveyances by the husband made during the pendency of a libel for divorce.

2. A contract for the sale of land, signed by both parties, stating the place where it is dated, and describing the land as "the western portion of lot forty-one (41) Flannery Ward, together with all improvements thereon," and stipulating that the "seller is to occupy residence No. 221 36th Street West," for a given time after the sale, sufficiently identifies the property sold, to satisfy the statute of frauds and to allow extrinsic proof to apply the contract to its subject-matter.

3. The evidence did not demand a verdict for the prevailing party, and the judge did not abuse his discretion in granting a new trial.

Argued January 11,—Decided May 19, 1908.

Action for specific performance. Before Judge Cann. Chatham superior court. July 8, 1907.

*R. R. Richards* and *Edward S. Elliott,* for plaintiff in error.

*Adams & Adams,* contra.

EVANS, P. J. Mrs. W. R. Singleton agreed to sell to N. B. F. Close a lot of land in the city of Savannah, for $4,800, and to receive in payment therefor a lot of land owned by Mr. Close, of the agreed value of $2,000, and $2,800 in cash. The memorandum of sale was as follows: "Savannah, Ga., July 7th, 1906. Mr. N. B. F. Close. We have this day sold you and you agree to purchase the western portion of lot forty-one (41) Flannery Ward together with all improvements contained thereon for the sum of forty-eight hundred dollars ($4,800.00). Terms as follows: Purchaser giving western forty feet of lot twenty-five (25) Cumming Ward in lieu of two thousand dollars ($2,000) and balance of twenty-eight hundred dollars ($2,800.00) in cash. Taxes, State, county, and municipal, and water rent to be prorated to date of transfer. It is furthermore understood that seller is to occupy residence No. 221 36th Street West at the rate of $30.00 per month from date of transfer to October 1st, 1906. Sale subject to examination of titles of both properties involved. We acknowledge to have received five dollars ($5.00) in part payment of above, which is to be returned in the event sale not consummated on account of imperfect titles. [Signed] Haines & Hunter, Agts. (L. S.) Mrs. W. R. Singleton. N. B. F. Close (L. S.)." On examination of the title it was discovered that Mr. Prendergast, a previous owner of a portion of the property which Mr. Close was to convey in part payment, was living separate and apart from his wife at the time he conveyed it to Mr. Close's grantors, in 1899, and Mr. Prendergast and his wife are still living in a state of separation. Mrs. Single-

ton rejected the title because of this fact; whereupon Mr. Close brought his petition to compel specific performance. A demurrer to the petition was overruled. The trial resulted in a verdict for the defendant, and the court granted a new trial. The exceptions are to the ruling of the court on demurrer and to the grant of a new trial.

1. The principal question to be settled is whether the circumstances alleged make a defect in the title, so as to render it unmarketable. In order to make clear the objection urged against Mr. Close's title we will insert in full three sections of the Civil Code. §2435: "*Schedule.* In all suits for divorce, the party applying shall render a schedule, on oath, of the property owned or possessed by the parties at the time of the application—or at the time of the separation, if the parties have separated—distinguishing the separate estate of the wife, if there be any, which shall be filed with the petition, or pending the suit, under the order of the court. The jury rendering the final verdict in the cause may provide permanent alimony for the wife, either from the corpus of the estate or otherwise, according to the condition of the husband and the source from which the property came into the coverture." §2436: "*Transfer pending suit.* After a separation, no transfer by the husband of any of the property, except bona fide in payment of pre-existing debts, shall pass the title so as to avoid the vesting thereof, according to the final verdict of the jury in the cause." §2438: "The verdict of the jury shall specify the kind of divorce granted, and the disposition to be made of the scheduled property." Counsel for Mrs. Singleton contend that under these sections of the code, any person who purchases property from a husband after separation takes the property subject to the final verdict in a divorce suit which may be subsequently brought where the property is embraced in the schedule of the husband's property.

In *Venable* v. *Craig,* 44 *Ga.* 437, section 2436 was under consideration, and was applied to the facts of that case. It appeared that Venable, pending a libel for divorce brought against him by his wife, sold bona fide and for value certain property to Craig. The property was described in the schedule, but the schedule was lost, and pending the trial was established. The property embraced in the schedule as established was awarded by the jury to the wife, after its sale by the husband to Craig, and a writ of possession issued

in her favor. Craig's bill was to enjoin the writ of possession. The court held that, under this section, the sale by the husband after the filing of the libel—the sale not being in payment of a pre-existing debt—did not vest the title in the purchaser so as to prevent the vesting thereof in the wife in accordance with the verdict of the jury on the trial of the divorce case. On account of the schedule having been lost at the time of the transfer from Venable to Craig, McCay, J., said that at the time of the husband's transfer there was nothing of file so as to apply the doctrine of lis pendens, and the decision of the case was placed entirely on the code section. This same section was under consideration in several other cases, in which it was held that where the property of the husband is neither embraced in any schedule filed in a suit against him for divorce, nor disposed of by the final verdict granting the divorce, a bona fide sale and convey-ance of the same, made by the husband after the separation and pending a divorce suit, is not affected by the verdict and judgment thereon allowing alimony to the wife. *Almand* v. *Seamans, 89 Ga.* 309 (15 S. E. 320) ; *Burns* v. *Lewis, 86 Ga.* 591 (13 S. E. 123) ; *Coulter* v. *Lumpkin, 94 Ga.* 225 (21 S. E. 461) ; *Driver* v. *Driver, 94 Ga.* 449 (21 S. E. 154) ; *Russell* v. *Rice, 103 Ga.* 310 (30 S. E. 37). In *Lamar* v. *Jennings, 69 Ga.* 392, a third person ad-vanced necessaries for the support of the wife, while she was living separate and apart from the husband. A judgment was obtained on this demand, against the husband, and an execution based thereon was levied upon land which the husband had transferred bona fide and for value pending the separation and before the judg-ment was rendered, and the husband's vendee filed a claim thereto. It was there ruled that "Section 1721 of the code [Civil Code §2436] restricts the alienation of property by the husband after separation, for the purpose of securing alimony to the wife when sought by her, and does not operate in favor of third parties." It seems to be clear, from the cognate code sections and the decisions to which we have referred, that the property of the husband the alienation of which is restricted by section 2436 is the property which is included by the applicant for divorce in the schedule filed in connection with the libel for divorce. It is the final verdict in the divorce suit which fixes the alimony claim of the wife upon the specific property embraced in the schedule.

In the present case no divorce suit had been brought, and the

practical question is: if one should hereafter be brought and the wife should include in her schedule this particular property which the husband owned at the time of the separation, and which he sold subsequently thereto but prior to the institution of the divorce suit, and if the same or a part thereof should be decreed by the jury to be a part of the wife's alimony, would the title of the wife under such a decree be superior to the title of the husband's vendee, acquired after the separation, but bona fide and for value before the filing of the divorce suit? This proposition was not involved in any of the previous decisions of this court where section 2436 was construed and applied to the facts of the particular case. According to section 2436, which imposes upon the husband a restriction against the alienation of his property after a separation, the title thus conveyed is made subject to the alimony rights of the wife as fixed by the final verdict of the jury in the case. Does that mean according to 'the final verdict of the jury in the case pending at the time of the transfer, or according to the final verdict of the jury in a divorce suit brought subsequently to the transfer? It is a familiar rule of construction, where a statute is susceptible of two interpretations, that it should be construed in harmony with the general policy of the law, rather than against it. The policy of our law is against restrictions upon the alienation of property. It is woven in the warp and woof of all of our laws, concerning the disposition of property, that an adult shall be unrestricted in the disposition of his property. Some exceptions have been made to this general policy, but such exceptions have been stated in clear and unmistakable words. In providing safeguards for the protection of the wife's alimony, it could hardly have been the purpose of the legislature to practically render the property of the husband a valueless asset. For illustration, suppose a husband and his wife should separate, leaving the children with the husband for their care, nurture, and education, and that at the time of the separation the property of the husband should be limited to a very small estate, the sale of which is necessary for the support and maintenance of himself and children. Was it the intention of the law that the husband's title should be rendered unmarketable, and that he could not dispose of his property so as to provide the necessary means of sustenance for himself and children, if the wife should obstinately refuse to bring a divorce suit?

Again, if the husband should own several pieces of property, could it have been the intention of the legislature that the title to all his property should be rendered unmarketable because, forsooth, some time in the indefinite future, the wife might possibly elect to bring a divorce suit, and the jury might be at liberty to allow to the wife, as a part of her alimony, any particular piece of property owned by the husband at the time of the separation? Again, it has been decided by this court, in *Whitfield* v. *Whitfield*, 89 *Ga.* 471 (15 S. E. 543), that a man and wife may be living in the same house and yet be living separate and apart so as to authorize a divorce upon the ground of wilful and continued desertion. Surely, under these circumstances, it could not have been intended by the legislature that a purchaser from the husband who is living in the same house with the wife should take his title to the property subject to a superior claim of the wife, to be asserted in a divorce suit subsequently brought. The case of *Venable* v. *Craig*, supra, was decided by a divided court, and the judge who wrote the majority opinion used language sufficiently broad and comprehensive to apply section 2436 to all transfers made by the husband after separation; but it was not necessary, for a decision of the question before the court, to declare the effect of a transfer made prior to the institution of the suit. In that case the transfer was made after the divorce suit had been instituted, and the point for decision was whether the code section not only exempted from its operation transfers made in payment of pre-existing debts, but also all transfers bona fide and for value, where the purchaser had no actual notice of the separation. And the decision of the court is limited to the question made in the record, though some of the remarks used by the judge arguendo would seem to indicate that he thought that the code section was applicable to all transfers, whether made prior to or pending a divorce suit. In *Lamar* v. *Jennings*, supra, the court say this restriction upon the free and unrestricted alienation of property by the owner is contrary to public policy, and should not be extended by construction beyond the plain intent and meaning of the law.

It is going far enough to hold that a bona fide purchaser for value and without notice of a pending libel for divorce shall take his title subject to the final verdict and decree to be rendered in the pending suit. In giving this section this construction, we do

46

not think that we are imposing a hardship upon the wife or impairing her right to have alimony from her husband's estate. In the most summary way the statute provides for the grant of temporary alimony, and in case a wife who is living separately from her husband does not desire to institute a divorce proceeding, the statute provides the manner in which she may be allowed permanent alimony. Civil Code, §§2464-2467. In this proceeding the wife may include a schedule of her husband's property and pray that a specific part be assigned to her as permanent alimony; and purchasers from the husband pending this proceeding, under the doctrine of lis pendens, would acquire a title subject to the decree thereafter rendered. If the husband, after separation, should undertake to fraudulently dispose of his property, or to leave the State, the wife is afforded ample protection by writ of injunction or ne exeat, or the appointment of a receiver, as the peculiar facts of the case may authorize or demand. It would seem, therefore, that the legislative purpose was to charge every transfer of property by a husband, except in payment of pre-existing debts, made after the institution of the divorce suit, subject to the decree based upon the final verdict of the jury. And it would be immaterial whether the schedule describing the husband's property had been filed at the time of the transfer or not. When a divorce suit is pending between the parties, all persons taking a transfer from the husband take their title from him subject to the right of the wife to amend her schedule already filed, or to file for the first time a schedule under order of court, and to the verdict of the jury disposing of the property embraced in the schedule.

2. Another cause of demurrer is that the description of the property, in the memorandum of sale, is too indefinite to satisfy the statute of frauds. The contract of sale was executed in duplicate, and on one of the duplicates Mrs. Singleton endorsed the letters "O. K.," and signed the same. The contract is headed "Savannah, Ga.;" it indicates that Mrs. Singleton is the owner of the property; the property described as "the western portion of lot forty-one (41) Flannery Ward, together with all the improvements contained thereon," and the contract stipulates that "seller is to occupy residence No. 221 36th Street West," until October 1, after the sale. This description identifies the property as being a specific lot in a named ward, having improvements thereon,

known by a particular street number, and inferentially in the oc-
cupancy of the seller. It is sufficiently identified to satisfy the
statute of frauds, so as to allow extrinsic proof to apply the con-
tract to the subject-matter. *Mohr* v. *Dillon*, 80 *Ga.* 572 (5 S. E.
770); Price *v.* McKay (N. J. Ch.), 32 Atl. 130; Tewksbury *v.*
Howard (Ind.), 37 N. E. 355. The place where the contract of
sale is dated may be considered in connection with the other marks
of identification, in locating the situs of the property as in Savan-
nah, Georgia. *Welsh* v. *Lewis*, 71 *Ga.* 387; *Horton* v. *Murden*,
117 *Ga.* 72 (43 S. E. 786). We think that the description of the
land in the contract of sale is sufficiently definite to meet the re-
quirements of our statute of frauds as contained in the Civil Code,
§2693.

In the petition it is alleged that the property owned by Mrs.
Singleton and covered by the written contract of sale is that con-
veyed to her on June 6, 1903, by the Savannah Investment Com-
pany, by deed wherein it is described as "all that certain lot or
parcel of land, situate, lying and being in the city of Savannah,
county of Chatham and State of Georgia, and known on the map
of said city as the western portion of lot number forty-one Flan-
nery Ward, said western portion of lot having a frontage of thirty-
five (35) feet, six (6) inches in Thirty-six street and a rectangu-
lar depth southwardly of one hundred and seventeen (117) feet,
and bounded on the north by Thirty-sixth street, on the east by
the eastern portion of said lot number forty-one (41), on the south
by a lane, and on the west by Jefferson street." The paragraph
of the petition containing this description was specially demurred
to, because "it seeks to amplify and enlarge the description of the
property alleged to be owned by the defendant; . . the allega-
tions of paragraph 2 are too exacting, in that they allege certain
fixed dimensions, while the contract sued on does not specify any
dimensions at all, and this defendant is not bound in law to con-
vey any fixed or definite number of ·feet as alleged in said peti-
tion." In other words, the demurrer raises the objection that the
contract of sale, if valid, was an agreement to sell the property as
a whole, and not as containing any specific dimensions. The reply
to this objection is that the petition alleges that the land as par-
ticularly described is the same land that is covered in the contract
of sale, and the demurrer admits the truth of this allegation. Mr.

Fry, in his work on Specific Performance, §327, states the rule as follows: "Where it is necessary to call in extrinsic evidence, the connection of the subject-matter of the contract and the thing in respect of which specific performance is sought must be pleaded, and supported by sufficient evidence." And in *Harper* v. *Kellar*, 110 *Ga.* 424 (35 S. E. 667), this rule was said to be "clearly in consonance with sound law and sound sense." While, on demurrer, the allegation that the land described in the contract is the same land as described in the petition is to be taken as true, yet on the trial such must be made to appear by sufficient evidence. It will be noted that the defendant in her contract did not undertake to warrant that the land contained any specified dimensions; nor in the suit for specific performance is any decree asked that she should do so.

3. There were other grounds of demurrer, but they are controlled by the rulings herein made, and it is not necessary to specifically deal with them. Nor it is necesasry to discuss whether the special assignments of error in the motion for a new trial were well taken. Those special grounds complain that the evidence did not warrant a charge on the subject of fraud. On the next trial the evidence may not be the same. As the evidence did not demand a verdict for the defendant, we will not interfere with the discretion of the trial court in granting a new trial.

*Judgment affirmed. All the Justices concur.*