### 35388. ATLANTA REALTY COMPANY, INC. v. SLOAN.

DECIDED JANUARY 18, 1955.

*Charles E. Markeles, D. W. Krasner,* for plaintiff in error.

*Charles M. Lokey, Lokey, Bowden & Rolleston,* contra.

NICHOLS, J. The defendant in error argues in his brief that the plaintiff was attempting to collect a commission for the sale of realty, or an interest in realty; and that it had not pleaded that it was a duly licensed real-estate broker under Code Chapter 84-14, and therefore the petition was subject to general demurrer. The plaintiff in its petition alleges that it is a duly licensed "business broker" under the ordinances of the City of Atlanta, that the plaintiff contracted orally with the defendant to sell his business, and that the defendant sold his business to the prospect furnished by the plaintiff. "Business . . . does not, generally speaking, mean property. It means the activity, the energy, the capacity, the opportunities by which results are reached—a condition rather than fixed tangible objects from which conditions arise." *Atlantic Postal Tel. &c. Co.* v. *Mayor &c. of Savannah,* 133 *Ga.* 66, 73 (65 .S. E. 184); *Norman* v. *Southwestern R. Co.,* 42 *Ga. App.* 812 (157 S. E. 531). Although the allegations of the amended petition are not as exact as might be desired, rendering it subject to special demurrer, and, after referring to the contemplated business to be sold, the petition uses in parts the words, "store" and "place of business," yet, viewing the petition as a whole, this court construes it as seeking to collect a commission for selling the grocery and market business of the defendant, and not the real property in which he conducted the business. It is alleged that the plaintiff is a duly licensed "business broker," and it is argued in the brief of the defendant that the demurrer was properly sustained since the plaintiff did not allege that it held a real-estate broker's license. This court cannot say as a matter of law that a "business broker" necessarily sells realty, or an interest in realty, when he sells a "business," and that the plaintiff here was obliged to secure a license under Code Chapter 84-14 as a real-estate broker merely in order to operate as a "business broker." If the defendant desired to be informed whether or not the plaintiff meant by its allegations that it was a "business broker," that it also in connection therewith operated as a real-estate broker, he

should have sought this information by special demurrer. Against the general demurrer the petition, though somewhat loosely drawn, set forth a cause of action for a commission earned as a "business broker". Accordingly, the trial court erred in sustaining the general demurrer.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*