## 50031. DWYER v. IMPECIATO.

Evans, Judge.

Stefan V. Popescu, as the owner of a restaurant in metropolitan Atlanta, known as *The Red Barn,* decided to go out of the business because of illness. Thomas H. Dwyer, a business broker, was requested by Popescu to find a purchaser or lessee. Dwyer located one Victor J. Impeciato, and interested him in taking over the operation of *The Red Barn.* Impeciato was already operating one restaurant. Impeciato gave Dwyer $5,000 to "bind" an agreement to lease *The Red Barn,* and the agreement was signed at that time in the nature of a "binder" agreement.

Impeciato then called Popescu and advised him he was not going through with the deal and he sued Dwyer to recover the $5,000 he had paid Dwyer, alleging said agreement was null and void and that the parties never were able to reach a firm agreement. He wanted his money back on the paper he thought was a binder. He alleged the binder stated that for and in consideration of the $5,000 paid to him by Impeciato, Dwyer would expedite the closing of the transaction, and Impeciato would have until a certain date to exercise the lease-option and could take over the business approximately 30 days after that date.

Defendant answered, and denied being indebted to plaintiff. Defendant also filed a counterclaim against plaintiff for $10,000 he contended he earned as broker and did not receive because plaintiff failed and refused to complete the transaction.

Plaintiff moved for summary judgment as to the main action and counterclaim, contending the binder is unenforceable due to inadequate description of the property; that defendant was an unlicensed real estate agent in violation of Georgia law; that there existed no genuine issue for jury consideration; and that he was entitled to judgment as to both the claim and counterclaim.

The court held there never was a meeting of the minds; that the binder was unenforceable; and that same required a closing before January 1, 1973, and as Dwyer

failed to have the transaction closed by that date, plaintiff was entitled to a summary judgment. The court awarded plaintiff the sum of $5,000 and costs. Defendant appeals. *Held:*

1. The description in the "binder" agreement: "Red Barn Inn, a restaurant located at 4300 Powers Ferry Road, N. E., Atlanta, Georgia, and now owned under a sole proprietorship by Stefan V. Popescu," contains sufficient information, and provides a sufficient key by the aid of extrinsic evidence, to identify the property. See *Faulkner v. McKelvey,* 207 Ga. 354 (61 SE2d 478); *Singleton v. Close,* 130 Ga. 716 (2), 722, 723 (61 SE 722); *Clark v. Cagle,* 141 Ga. 703, 704 (2) (82 SE 21); *Blumberg v. Nathan,* 190 Ga. 64, 66-67 (8 SE2d 374). The "binder" is not void as to description of the property.

2. In *Atlantic Realty Co. v. Sloan,* 91 Ga. App. 370, 372 (85 SE2d 635), this court refused to hold as a matter of law that a business broker necessarily sells real estate so as to require a real estate broker's license under Code Ann. Ch. 84-14. So far as we know, this is the only case on this question, but under the facts shown on motion for summary judgment, the lower court could not hold that the agreement to "bind" was void and unenforceable because the business broker had no real estate license. No decision is made on the revised Real Estate and Brokers Act, Ga. L. 1973, pp. 100-126, which became effective July 1, 1973, inasmuch as this agreement is dated December 12, 1972.

3. The evidence on motion for summary judgment shows the definite employment of defendant as business broker by the proposed seller, and evidence in the form of the "binder" agreement by the plaintiff (purchaser) who paid $5,000 to bind the property until January 1, 1973. Whether or not the defendant had authority to bind the said business in favor of the plaintiff remains for decision by a jury.

4. The facts clearly show that *plaintiff failed to complete the transaction* because *he decided* he could not manage two restaurants after he had obtained a delay of more than a year, although, as stated in Division 3, the question remains as to whether or not defendant had authority under his employment by Popescu to "bind" the

property for this period.

5. The lower court erred in holding there was no specific agreement as to the terms. This question is clearly in dispute.

6. For all of the foregoing reasons, the court erred in granting summary judgment to the plaintiff and awarding him the sum of $5,000.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED JANUARY 13, 1975 — DECIDED MARCH 4, 1975.

*Nall, Miller & Cadenhead, James W. Dorsey,* for appellant.

*Smith, Robertson & Sparrow, W. R. Robertson, III,* for appellee.

