323 So.2d 275 (1975)
Harold M. HODGES and Helen Hodges, His Wife, Appellants,
v.
DIVISION OF ADMINISTRATION, STATE of Florida, DEPARTMENT OF TRANSPORTATION and Sarasota County, Appellees.
No. 75-60.
District Court of Appeal of Florida, Second District.
December 10, 1975.
*276 John Patterson, Icard, Merrill, Cullis, Timm & Furen, Sarasota, for appellants.
Stanley W. Moore, Andy Schuster and Geoffrey B. Dobson, Tallahassee, for appellee Dept. of Transp.
GRIMES, Judge.
This appeal involves the interpretation of the statute providing for the recovery of business damages in condemnation proceedings.
The Department of Transportation condemned part of a parcel of land owned by the Hodges' on which they operated a motel and marina complex known as the Playmore Resort. At the trial, the Hodges' attempted to introduce the testimony of an expert witness pertaining to business damages. The court refused to allow this witness to testify until the predicate was shown that the motel and marina was an established business of more than five years' standing pursuant to Fla. Stat. § 73.071(3) (b) (1973). After hearing the evidence directed to this point, the court concluded that the Hodges' had failed to establish the necessary predicate and refused to permit the jury to consider business damages.
The items for which an owner may be compensated when his property is condemned are set forth in Fla. Stat. § 73.071(3) (1973). Among these, under certain circumstances, are business damages. Thus, subsection (b) provides that compensation shall include:
"Where less than the entire property is sought to be appropriated ... and the effect of the taking .. . may damage or destroy an established business of more than five years' standing ... the probable damages to such business... ."
A motel and marina, including a family bar and grille, was first operated on the subject property in 1956. The property changed hands several times, but the operation was continued under the name Playmore Resort. However, in 1971, the motel and marina went out of business because the Internal Revenue Service placed a lien against the property for nonpayment of taxes by its then owner. The property was vacant for a period of about five months. A prior owner, who held a mortgage on the property, finally regained title and paid off the IRS. He then sold the property to the Hodges'.
The Hodges' took possession of the property in November of 1971. The beds, bar equipment, some of the linens and certain supplies came with the property, but the Hodges' had to acquire boats and motors and other supplies in order to commence the operation. No accounts receivable were purchased and no liabilities were assumed. The Hodges' had to obtain a new beer license in their own name. Some of the old customers who used to frequent the Playmore before it was closed came back when the Hodges' reopened. Since the property was condemned less than five years after the Hodges' began to operate, the question of whether this was an established business of five years' standing comes into sharp focus.
At the outset, it must be observed that a mere change of ownership in the business during the five year period would not prevent the new owner from recovering business damages under Fla. Stat. § 73.071 *277 (3)(b) (1973). Hooper v. State Road Department, Fla.App.2d, 1958, 105 So.2d 515. While the statute implies a continuous operation for the five years immediately preceding the date of taking, we do not construe "continuous" to mean that the business must be operated without any interruption whatsoever, so long as it can be reasonably said that the business was an ongoing operation for the five year period. For example, the fact that a business customarily closed for a month each summer would not mean that such a business could not qualify as an established business of five years' standing.
In this case we believe the Hodges' acquired only a business place and not an established business as contemplated by the statute. "`Business, ... does not, generally speaking, mean property. It means the activity, the energy, the capacity, the opportunities by which results are reached  a condition rather than fixed tangible objects from which conditions arise.'" Atlanta Realty Company v. Sloan, 1955, 91 Ga. App. 370, 85 S.E.2d 635. On the other hand, a place of business is simply a location where business is transacted. McCall v. State ex rel. Daniels, 1945, 156 Fla. 437, 23 So.2d 492.
When the Hodges' acquired the property, there was no going concern. They purchased only the property and paid nothing for good will. Mr. Hodges, himself, admitted that he had not purchased a going business. In his own words, he said he "bought a business place." Therefore, the court properly refused to permit an award of compensation based on business damages, and the judgment with respect to the amount of compensation to be paid for the property is affirmed.
A secondary point on appeal relates to the refusal of the court to tax costs for the expert witnesses the Hodges' intended to use to prove business damages and the Hodges' contention that the court improperly reduced the award of their attorneys' fees to the extent that the attorneys had expended time on the issue of business damages.
Fla. Stat. § 73.091 (1973) requires the condemning authority to pay all reasonable costs and attorneys' fees incurred by the property owner. The purpose of this statute is to permit the owner to contest the value placed on his property by the condemning authority and at the same time come out whole. In City of Miami Beach v. Liflans Corporation, Fla.App. 3d, 1972, 259 So.2d 515, the court held that the property owner in a condemnation action was entitled to an award of attorneys' fees even though the jury returned a verdict of zero compensation. Here, the question of business damages was close, and the issue was only resolved at the trial of the case. In fact, the Department's motion for summary judgment on this issue had been denied just a few days before the trial. Under the circumstances, it was reasonable for the Hodges' to line up expert witnesses to testify on business damages and to have their attorneys make the preparations necessary to try to recover these damages.
Accordingly, that portion of the judgment pertaining to attorneys' fees and costs is reversed, and the case is hereby remanded to tax the reasonable costs of expert witnesses relating to the attempted proof of business damages and to award reasonable attorneys' fees for the service of the Hodges' attorneys including their services on the issue of business damages.[1]
Affirmed in part and reversed in part.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] Since no transcript of the hearing on attorneys' fees was made, we cannot tell for certain whether the court reduced the award below the figure set forth in the only affidavit on file because of the time the attorneys spent on the business damage issue or because of other factors. Therefore, our opinion should not be construed as requiring the award of attorneys' fees to be increased in the event the prior award included compensation for the attorneys' efforts on the issue of business damages.