404 So.2d 186 (1981)
DIVISION OF ADMINISTRATION, STATE OF FLORIDA DEPARTMENT OF TRANSPORTATION, Appellant,
v.
LAKE OF THE WOODS, INC., Alexander D. Iannacone, et al., Appellees.
No. 79-2002.
District Court of Appeal of Florida, Fourth District.
September 30, 1981.
*187 Margaret-Ray Kemper, Appellate Atty., L. Fred Reedy, Trial Atty., and H. Reynolds Sampson, Gen. Counsel, State of Fla. Dept. of Transp., Tallahassee, for appellant.
Robert C. Byrne of Brigham, Reynolds, Byrne & Moore, P.A., Miami, for appellee, Alexander D. Iannacone.
MOORE, Judge.
This is an appeal by the Florida Department of Transportation from an award of damages for the loss of business which resulted from the State's condemnation of land on which the appellee operated a restaurant. We reverse.
The condemnation occurred in 1977 and was necessitated by the widening and improvement of a portion of State Road 84 lying in the western portion of Broward County. For the purposes of this appeal we need only trace the history of this land from 1971. At that time, it was the site of a restaurant operated by one of appellee's predecessors. In 1973, the restaurant was sold to a party who later defaulted on the purchase agreement and the initial owner instituted repossession proceedings. In October, 1974, the original owner obtained possession of the restaurant and proceeded to refurbish its interior. During this period the restaurant was closed and no business was conducted. On December 31, 1974, appellee entered into an agreement to purchase the equipment in the restaurant and to assume the renewable lease on the property. Appellee thereafter operated the restaurant from February, 1975 until September, 1977, when the condemnation occurred.
As a result of the condemnation, appellee was awarded business damages pursuant to Section 73.071, Florida Statutes (1977). Appellant contends that such award was erroneous on two grounds. First, the Department of Transportation maintains that the restaurant did not qualify as an "established business" under the aforementioned statute. Second, it is asserted that the trial court erred in allowing the jury to determine appellee's entitlement to damages rather than making such determination itself. Because we find the former claim dispositive we need not reach the latter.
The crucial issue to this appeal is whether appellee's restaurant was an "established business of more than five years' standing" at the time of condemnation. Section 73.071(3)(b), Florida Statutes (1977); only then can appellee be entitled to business damages.
Factually, this case is nearly identical to Hodges v. Division of Administration, 323 So.2d 275 (Fla.2nd DCA 1975). In that case a motel and marina, including a bar and grill, was in operation from 1956 to 1971 at which time it went out of business. The property had been vacant for five months when it was purchased by the Hodges who once again established the property as a motel and marina. Much of the inventory which was used by the motel's prior operators was also used by the Hodges. It was necessary, however, for the Hodges to acquire a new liquor license and some other equipment in order to begin operation. Less than five years after the Hodges reopened, the property was condemned. There, as here, the issue was whether the enterprise was an established business of five years standing prior to the condemnation. The Second District Court of Appeal held that it was not, stating:
In this case we believe the Hodges' acquired only a business place and not an *188 established business as contemplated by the statute. "Business, ... does not, generally speaking, mean property. It means the activity, the energy, the capacity, the opportunities by which results are reached  a condition rather than fixed tangible objects from which conditions arise." Atlanta Realty Company v. Sloan, 1955, 91 Ga. App. 370, 85 S.E.2d 635. On the other hand, a place of business is simply a location where business is transacted. McCall v. State ex rel. Daniels, 1945, 156 Fla. 437, 23 So.2d 492. When the Hodges' acquired the property there was no going concern. They purchased only the property and paid nothing for good will. Hodges, supra, at 277.
We find this analysis highly persuasive and directly applicable to the present dispute. When appellee took possession of the restaurant it had been closed for approximately two and one-half months. Appellee did not open his restaurant until one and one-half months after that. He changed the name of the establishment and had it remodeled. Additionally, it was necessary for appellee, as the Hodges, to acquire a new license to sell alcoholic beverages. It is also significant that appellee assumed no obligations of the predecessor restaurants, nor did he purchase any accounts receivable.
We conclude from these facts that appellee clearly did not purchase an "established business". Rather, he simply embarked upon a new commercial venture which happened to be situated where prior ventures of a like nature had been situated. Such is a common happenstance in the world of business. Appellee acquired only a structure in which to conduct business and not an on-going concern which is the type of progression contemplated by the statute. Consequently, appellee's restaurant, which operated from 1975 until the condemnation in 1977, was not "an established business of more than five years' standing".
We hold that appellee was not entitled to any business damages and the judgment below is reversed.
BERANEK, J., and KAPNER, LEWIS, Associate Judge, concur.