541 So.2d 1309 (1989)
Virgil HICKS D/B/a Tom's Chevron, Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Matthew W. Fergan, Jr., et al., Appellees.
No. 88-0567.
District Court of Appeal of Florida, Fourth District.
April 12, 1989.
H. Adam Weaver of Jones, Foster, Johnston & Stubbs, West Palm Beach, for appellant.
Maxine F. Ferguson and Thomas H. Bateman, III, Dept. of Transportation, Tallahassee, *1310 for appellee-State of Fla., Dept. of Transportation.
WARNER, Judge.
This is an appeal by a business owner challenging a final judgment denying his entitlement to business damages in an eminent domain case. We reverse.
The business for which compensation was sought in the condemnation proceedings was a Chevron Service station. It was purchased by the appellant four years and two months prior to the commencement of the proceedings in this case from its prior owner who had operated a Chevron service station in the same location since 1969. Pursuant to the agreement reached in January, 1983, appellant took over the operation of the service station on March 1, 1983. At the time of the transfer, the gas tanks were "sticked," meaning the readings were taken and the transaction was concluded. The business never closed. Some of the employees of the prior owner continued with appellant. Appellant continued to honor customer accounts established under the prior owner, and the business continued as a full service gas station.
The agreement between the parties included consideration for goodwill. However, the appellant did not assume liabilities or accounts receivable of the prior owner, and he opened up new bank accounts, signed a new lease with Chevron and did not purchase any inventory of the prior owner except for the remaining gasoline, some of the fixtures on the pumps, and the Chevron sign. There was testimony presented that this transaction was little different from the sale of other types of small businesses.
Section 73.071(3)(b), Florida Statutes, provides:
Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Department of Transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years' standing, owned by the party whose lands are being so taken, located upon adjoining lands or held by such party, the probable damages of such business which the denial of the use of the property so taken may reasonably cause; any person claiming the right to recover such special damages shall set forth in his written defenses the nature and extent of such damages; ... .
The question presented in this case is whether the appellant's business was in existence for "more than five years standing" so as to qualify for business damages. Hooper v. State Road Department, 105 So.2d 515 (Fla. 2d DCA 1958) holds that the statute requires only that the business which is damaged by the condemnation on which it is located exist on the condemned property for at least five years. The changes in ownership of the business do not preclude the recovery of business damages. Hooper was approved by the supreme court in Tampa-Hillsborough County Expressway Authority v. K.E. Morris Alignment Service, Inc., 444 So.2d 926 (Fla. 1983) which held that the essential inquiry under the business damage statute is that of continuous operation of the business at the location where damages are alleged to be suffered.
In Hodges v. Division of Administration, 323 So.2d 275 (Fla. 2d DCA 1975), the court discussed the difference between the purchase of an ongoing business and a business location.
"Business, ... does not, generally speaking, mean property. It means the activity, the energy, the capacity, the opportunities by which results are reached  a condition rather than fixed tangible objects from which conditions arise." Atlanta Realty Company v. Sloan, 1955, 91 Ga. App. 370, 85 S.E.2d 635. On the other hand, a place of business is simply a location where business is transacted. *1311 McCall v. State ex rel Daniels, 1945, 156 Fla. 437, 23 So.2d 492.
In Hodges, there was no going concern when the Hodges' acquired the property as the business in question had gone bankrupt. The property had been vacant for about five months. The Hodges paid no goodwill and purchased only the property.
In Division of Administration v. Lake of the Woods, Inc., 404 So.2d 186 (Fla. 4th DCA 1981), this court reversed an award of business damages based upon the failure of the business owner to establish that his restaurant was an established business of more than five years. In that case, the restaurant had been closed for a period of five months, and when the new purchaser opened it, it had been completely refurbished and was operated under a new name. This court held that from the facts the appellee had failed to prove that he had purchased an established business. "Rather, he simply embarked upon a new commercial venture which happened to be situated where prior ventures of a like nature had been situated." Id. at 188.
That is the Department of Transportation's position in this case  that appellant simply purchased a business location or an opportunity to conduct the same type of business venture at that location. When stripped to its basics, appellee would have us hold that unless two parties agree to assume liabilities, accounts receivable, bank deposits, insurance policies, and all other obligations of a business, no purchase of an ongoing business occurs. This ignores the fact that in the real world sales of businesses occur every day in a multitude of ways. Appellee raises form over substance in the analysis of this issue. We do not think the statute mandates a required procedure for sale of businesses in order that they may qualify for business damages in the event of a condemnation of the property upon which they are located.
The facts of this case show that the Chevron service station was an ongoing operation for much in excess of five years, and the sale of the business to appellant did not break the continuity of the business at the condemned location. The purchase price included goodwill, as the appellant testified that the $15,000 was for the purchase of the ongoing business. There was not a minute's interruption of the business at the time of the transfer. This was not a new business venture but the continuation of an old venture. While it is true that the name changed, we do not view that as significant. The sign which was purchased by appellant was a Chevron sign. We think it unlikely that many customers of this Chevron station or any other gas station know the actual name of the business other than the name of the national oil company whose gas it sells.
In denying the claim for business damages the trial court found that there was ambiguity in the transaction because of the change of name and the lack of an assumption of the liabilities of the prior owner. Thus, the trial court did not focus on the "essential inquiry" which the supreme court set forth in Tampa-Hillsborough County Expressway Authority which is that of continuous operation of the business at the location. Clearly, the operation of the Chevron gas station was continuous, and the paper changes resulting from the sale did not interrupt that business or cause it to vary its method of operation.
Because we find that appellant did meet the statutory criteria for business damages, we reverse the final judgment in favor of the Department of Transportation and remand for entry of a final judgment in favor of the appellant for the full amount of the business damages stipulated to at the previous trial.
LETTS and GLICKSTEIN, JJ., concur.