PER CURIAM.
This is an appeal by a business owner challenging a final summary judgment denying his entitlement to business damages in an eminent domain case. We reverse.
Appellant, American Dive Center, Inc., owns several scuba diving retail businesses in South Florida. In April of 1989, it purchased Scuba II, another dive shop. Although the name was changed almost immediately, the store nevér closed. Approximately one year later, in August of 1990, the appellee, Department of Transportation (DOT), commenced condemnation proceedings which included the location of the shop appellant had purchased from Scuba II. Pursuant to the provisions of Section 73.-071(3)(b), Florida Statutes (1989), appellant sought lost business damages due to the condemnation claiming that it qualified as a business of five years’ standing. Appellant reasoned that it was entitled to these special damages because its business was a continuation of' Scuba II’s business. Scuba II had commenced operations as a scuba diving business on the site in excess of five years prior to the date of the taking. DOT disagreed contending that appellant merely purchased a site in which to operate a business and not an ongoing business.
The essential inquiry required under the business damage statute is whether there was “continuous operation of the business at the location where the business damages are alleged to have been suffered.” Tampa-Hillsborough County Expressway Authority v. K.E. Morris Alignment Serv., Inc., 444 So.2d 926, 930 (Fla.1983). A change in the ownership of the business, or even a change of the business’ name, does not preclude the recovery of business damages. See Hicks v. Department of Transp., 541 So.2d 1309 (Fla. 4th DCA 1989).
We agree with appellant, American Dive Center, Inc., that the record does not affirmatively and conclusively show that DOT is *279 entitled to prevail on this issue under the facts of this case. See Hicks.
REVERSED.
HERSEY, POLEN and STEVENSON, JJ., concur.