THE BUFFALO SAVINGS BANK, Plaintiff, *v.* GEORGE HUNT, ANNA K. MATTESON, et al., Defendants.

(County Court, Erie County, October, 1909.)

Judgment — Lien — Judgment for divorce and alimony:   Property or interest affected and extent of lien — Rights in surplus moneys.

> A judgment in favor of a wife against her husband for a divorce and alimony, payable thereafter in monthly installments, is a judgment for money so as to become a lien upon real property from the time of its docketing, as contemplated by the provisions of the Code of Civil Procedure.
>
> The lien of such a judgment is, therefore, prior to that of money judgments subsequently recovered and docketed; and it is entitled to priority of payment out of surplus moneys arising from the foreclosure of a mortgage on the real property of the judgment debtor.

SURPLUS money proceeding.

A. C. McCall, for defendant James Matteson.

August Becker, for defendant Anna K. Matteson.

TAYLOR, J.   This is a surplus money proceeding, brought to obtain possession of a surplus of $1,037.82 on deposit with the county treasurer of Erie county.   The only claimants to the surplus are the defendants James Matteson and Anna K. Matteson, the former being the petitioner.   The latter was the wife of the defendant Frank H. Matteson.   On February 5, 1908, she recovered and docketed a final judgment dissolving her marriage with the said defendant Frank H. Matteson; and in and by that judgment it was adjudged that Anna K. Matteson receive from Frank H. Matteson $1,200 per annum alimony, payable in monthly installments of $100 each, from October 27, 1906.   It is stipulated that said alimony was paid pursuant to said judgment up to and including April 27, 1908, only, and that since said date there has accrued and is now due and owing on said judgment the sum of $1,400.

On March 31, 1908, and on April 1, 1908, the claimant

James Matteson docketed two judgments against said Frank H. Matteson, each amounting to more than the said surplus moneys.

The claimant James Matteson contends that, inasmuch as there was nothing due and owing to the claimant Anna K. Matteson upon her judgment when the judgments of James Matteson were docketed in the county clerk's office, the claims of James Matteson are prior to those of Anna K. Matteson. This is evidently upon the theory that the Anna K. Matteson judgment, in so far as it provided for the payment of alimony, was, in substance, a mere order for the payment of sums of money from time to time in the future, and not a judgment for money so as to become a lien against real property from the time of its docketing, as contemplated by the various sections of our Code of Civil Procedure.

There is no authority in this State which I have been able to find bearing directly upon the question at issue. But after consulting the authorities cited by the learned counsel on each side, and after having made all the additional investigation in my power, I must agree with the learned referee that Anna K. Matteson is entitled to this surplus. It is surely settled in this State that her judgment may be collected by execution against real property as its installments from time to time become due, and this surplus is real estate. If no installment were now due, I should feel that the claimant Anna K. Matteson would be entitled to no more relief here than that the surplus should be held and applied on her judgment as installments became due, during the lifetime of both herself and her former husband, any balance of the surplus remaining after the death of either to go to James Matteson. But under the circumstances now appearing, $1,400 being due, which is more than the surplus in question, Anna K. Matteson is entitled to the whole sum on deposit. It has long been the law in this State, as laid down, for instance, in Ackerman v. Hunsicker, 85 N. Y. 43, that mortgages for future advances are valid liens against real estate, even as against subsequently docketed judgments. To be sure, this does not bear directly upon the point in question. But is it not pertinent to inquire, such being the law,

why a judgment of a proper court, securing the payment of sums of money adjudicated to become due and payable from time to time in the future, should not, equally as logically, take precedence of all judgments docketed subsequently to the docketing of said judgment? If any distinction can be drawn in favor of a mortgage for future advances as against such a judgment, I am unable to see it.

I believe further discussion to be unnecessary. The report of the referee should be confirmed, with costs of two motions, referee's fees and other necessary and proper disbursements to the claimant Anna K. Matteson.

Ordered accordingly.