ISAACS V. ISAACS, GUARDIAN, AND OTHERS.

September 9, 1915.

1. ALIMONY—*Judgment—Future Instalments—Date of Lien.*—A decree for alimony payable in monthly instalments during the life-time of the beneficiary constitutes a lien in her favor upon all of the husband's real estate from the date of such decree, not only for the instalments presently due, but for those that shall fall due under such decree in the future; and where a temporary decree for alimony is subsequently made permanent, the lien for the whole amount dates from the date of the temporary decree, and takes priority over subsequent judgments against the husband or liens created by him.

Appeal from a decree of the Circuit Court of Russell county. Decree for the defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*H. A. Routh* and *W. W. Bird,* for the appellant.

*Finney & Wilson,* for the appellee.

HARRISON, J., delivered the opinion of the court.

This is a contest between the appellant, who was the wife of G. G. Isaacs, and the appellee, guardian of H. B. Isaacs and others, as to the priority of their respective liens against the estate of G. G. Isaacs, who is now deceased, such estate being insufficient to pay the claims of both.

The lien of the appellant is evidenced by a temporary decree for alimony of $50 per month rendered in her favor January 11, 1909, by the Circuit Court of Wise county, which allowance was made permanent by a subsequent decree of the same court dated February 4, 1910. The lien of the appellee is evidenced by a judgment confessed in his favor in the Circuit Court of Russell county at its February term, 1909, which was after the date of the temporary decree for alimony and before that which made the allowance permanent.

This case was once before in this court. *Isaacs* v. *Isaacs*, 115 Va. 562, 79 S. E. 1072. By reference to the opinion then rendered it will be seen that, after deciding other questions, the court said: "That the lien, to the extent that it is reported in favor of Minnie L. Isaacs is a valid and subsisting one, we have no doubt; and we are not prepared to say that the chancery court having acquired jurisdiction over the subject matter and over the parties in the Wise county suit, and having granted a divorce from bed and board and fixed the permanent alimony of Mrs. Isaacs at $50 a month during her life, does not override and take precedence of the judgment confessed by G. G. Isaacs after the institution of the suit and the entry of the decrees of the 11th of January, 1909, and of February 4, 1910. The question is one of great interest and importance and should only be decided after full investigation by counsel and the court. We shall, therefore, content ourselves for the present with reversing the decree appealed from, in so far as it sustains the exceptions taken by S. F. and G. G. Isaacs, and will enter a decree to that effect, and directing the circuit court to refer the case to a commissioner to ascertain and report what amount is due for alimony and suit money upon a statement of the decree upon the basis heretofore considered by the commissioner in his report; and what amount would be due as alimony and

suit money if the court should be of the opinion that the monthly instalments of alimony accrued and accruing under the decrees heretofore entered in the divorce suit constitute a primary charge upon all of the real estate of G. G. Isaacs within the jurisdiction of the court."

In pursuance of the foregoing mandate the Circuit Court of Russell county referred the cause back to its commissioner to report the matters thereby directed. The report of the commissioner was returned in due time, ascertaining the real estate owned by G. G. Isaacs, subject to the liens of his creditors, and further ascertaining that under the decrees for alimony and suit money there was due the appellant, Minnie L. Isaacs, $2,028.25 as of April 1, 1914, which amount he found to be a prior lien to that of the appellee amounting as of the same date to $2,371.79. The circuit court sustained exceptions taken by the appellee to this finding and held that the appellant had a prior lien only for such sums as had accrued under her decrees up to the date of the judgment confessed in favor of the appellee, and that all instalments for alimony which fell due after that date were subsequent in priority to such judgment. From the decree carrying out this view of the circuit court the present appeal has been taken.

So far as we have been able to discover, the question here presented has never been before this court. As said, however, in our former opinion, *supra,* we have no doubt "that the lien, to the extent reported, in favor of Minnie L. Isaacs, is a valid and subsisting lien." Our statutes have invested the courts with broad powers in the matter of granting alimony and otherwise compelling the husband to provide for his wife, and there can be no question that a decree for alimony and suit money constitutes, under section 3567 of the Code of 1904, a lien upon all of the real estate of the debtor.

We are further of opinion that the decrees of January, 1909, and February, 1910, constitute but one lien in favor of the appellant which bears date January 11, 1909, that being the date of the first decree. The only effect of the second decree was to continue in force and make permanent the first. By the first decree the alimony was fixed at $50 per month until the further order of the court. When the court subsequently spoke, it said, in effect, the alimony of $50 per month already decreed in favor of the wife shall remain in force during her lifetime.

We are further of opinion that reason and the weight of authority favor the view that a decree for alimony payable in monthly instalments during the lifetime of the beneficiary, constitutes a lien in her favor upon the husband's real estate from the date of such decree, not only for the instalments presently due but for those that shall fall due under such decree in the future. If the whole alimony, due and to become due under the decree, were not thus secured by the lien of the decree making the allowance, the provision for the wife could be easily defeated by the act of the husband in selling and conveying his real estate, or, as in the case before us, by confessing a judgment in favor of some creditor large enough to render wholly ineffectual the decree for alimony, thereby leaving the wife without the means of support. Under our statutes the powers of the court are broad in making, in addition to the divorce, such further decree as it shall deem expedient concerning the estate and maintenance of the parties. The power thus reposed in the courts would be practically abrogated unless the decree allowing alimony constituted a lien upon the husband's real estate and as such extended to, covered, and secured the instalments of such alimony as they respectively fell due in the future.

In the case of *Goff* v. *Goff*, 60 W. Va. 9, 53 S. E. 769, 9 Ann. Cas. 1083, the court of appeals of that State con-

sidered the question whether or not a decree for alimony payable in instalments, reaching into the future, came within the purview of the West Virginia statute, which was substantially, if not identically, the same as section 3567 of the Virginia Code, 1904, and unanimously held that such a decree was covered by the statute. The court quotes the statute and then, in part, says: "Does the fact that payment is to be made in the future change the matter? Why should it? Here is a final adjudication of present liability, only it is to be discharged in the future. Of course, a decree for a gross sum as alimony is a lien by the letter of the statute. *Renick* v. *Ludington*, 14 W. Va. 367 . . . By reason of our statute making every judgment a general lien on all the defendant's land, there need be no specified property charged by the decree. The only question is whether future instalments are a lien. We think they are. Should the door be left open so that Goff might by conveyance dispose of his property and wholly defeat his wife's alimony? She has by law a right to look to her husband's estate for reasonable support. The law shares the property to the extent of alimony between them."

We have examined the adjudications in the several States to which our attention has been called and find that, while there is conflict of authority, the better reason supports the conclusion that a decree for alimony creates a lien on the husband's real estate which extends to and includes the instalments of such alimony falling due in the future.

It follows from what has been said that the decree appealed from must be reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

*Reversed.*