**WESTMORELAND v. DODD (two cases).\***

(Circuit Court of Appeals, Fifth Circuit. October 30, 1924.)

Nos. 4341, 4342.

1. **Bankruptcy 440—Decree held reviewable by petition to revise.**

Where the facts are not in dispute, but only a question of law is involved, in a proceeding in bankruptcy, the order or decree is reviewable by petition to revise.

2. **Divorce 198, 256, 263—Under law of Georgia, decree for permanent alimony is general lien on property of husband; alimony decree enforceable by execution; lien of alimony not extinguished by bankruptcy adjudication.**

Under the statutory law of Georgia, a decree for permanent alimony has the lien of a judgment, is enforceable by execution, and binds all the property of the husband, both personal and real, except as otherwise provided, and such lien is not extinguished by his adjudication in bankruptcy.

3. **Bankruptcy 205—Trustee takes property subject to lien of decree for alimony.**

A trustee takes the property of the bankrupt subject to the lien of a decree for permanent alimony against him, both as to installments in arrears and future installments, and cannot sell the property except subject to such lien without the consent of the divorced wife.

Appeal and Petition to Superintend and Revise from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

In the Matter of Willis F. Westmoreland, bankrupt; Harry Dodd, trustee. Mrs. Eugenia S. Westmoreland appeals from and petitions to superintend and revise a decree confirming sale of real estate free from lien of decree for alimony against bankrupt. Reversed and remanded.

For opinion below, see 298 F. 484.

Philip H. Alston and Wm. Hart Sibley, both of Atlanta, Ga. (Blair Foster, of At-

*Rehearing denied December 23, 1924. Certiorari denied 45 S. Ct. 231, 69 L. Ed. —.

lanta, Ga., on the brief), for appellant and petitioner.

Walter S. Dillon, of Atlanta, Ga., for appellee and respondent.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. On July 19, 1923, Eugenia S. Westmoreland obtained a decree of divorce from her husband, Willis F. Westmoreland, in which the following provision was made for permanent alimony:

"It is further ordered, the said defendant consenting, that the plaintiff be and she is hereby awarded, as permanent alimony, the sum of $200 per month for each and every month she may live, provided, should she remarry, said alimony shall thereupon cease."

The petition for divorce contained a schedule of property owned by the parties, and listed two lots of real estate in the city of Atlanta as the property of the husband, in compliance with the provisions of Civil Code Ga. § 2954. On January 9, 1924, Mrs. Westmoreland caused an execution for $800 as past-due alimony to be issued and levied on certain personal property of her husband, who on January 16 filed his voluntary petition in bankruptcy and scheduled the property described in the petition for divorce subject to mortgages for $27,000. No judgment creditors were scheduled, but only unsecured creditors with claims aggregating $9,963.52.

The trustee filed an application in the District Court, praying for authority to sell the real estate of the bankrupt above mentioned, free from liens, including the decree for alimony. Upon this application the court approved the sale of the real estate for $35,000, and required the trustee to pay to Mrs. Westmoreland the installments which had accrued under her decree for alimony up to the date of the adjudication, but held that she had no lien upon the property for any installment of alimony accruing after Westmoreland was adjudicated a bankrupt.

[1] Mrs. Westmoreland brings this decree here for review, both by appeal and by petition to superintend and revise. As the facts are not in dispute, but only a question of law in a proceeding in bankruptcy is involved, the appeal will be dismissed, and the case disposed of upon the petition to superintend and revise. Bankruptcy Act, § 24b (Comp. St. § 9608).

[2] The effect of a decree for permanent alimony is to be determined by the laws of Georgia, from which this case comes. In that state alimony is defined to be an allowance out of the husband's estate (Civil Code of Ga. 1914, § 2975), and is a fixed obligation, which cannot afterwards be altered or amended, even by the court which granted it (Gilbert v. Gilbert, 151 Ga. 520, 107 S. E. 490). Other sections of the Civil Code above cited are also pertinent. The jury rendering a final verdict are authorized, but not required, to provide permanent alimony from the corpus of the husband's estate. Section 2954. Alimony is enforceable by execution. Section 5430. It has the lien of a judgment. Section 5432. And it binds all the property of the husband, both real and personal, from the date of the judgment, except as otherwise provided. Section 5946. "After permanent alimony [is] granted, upon the death of the husband the wife is not entitled to any further interest in his estate in her right as wife, but such permanent provision shall be continued to her, or a portion of the estate equivalent thereto shall be set apart to her." Section 2991.

It thus appears that, while the decree for permanent alimony might have given a specific lien upon the real estate in controversy, it nevertheless operates to create a general lien upon it. A discharge in bankruptcy does not release a bankrupt from alimony due or to become due. The personal liability remains. Bankruptcy Act, § 17 (Comp. St. § 9601); Wetmore v. Markoe, 196 U. S. 68, 25 S. Ct. 172, 49 L. Ed. 390, 2 Ann. Cas. 265. And there is no reason or authority for holding that an adjudication in bankruptcy extinguishes the lien of the judgment for alimony upon property. Section 47a of the Bankruptcy Act, as amended in 1910 (Comp. St. § 9631), giving to the trustee the lien of a judgment creditor, does not make the trustee's title any better than that of the bankrupt. The trustee's lien is only that of a junior judgment creditor.

The ground upon which the District Judge based his decree is that, as to future installments, the decree for alimony is void, because of uncertainty. The case of Stoy v. Stoy, 41 N. J. Eq. 370, 2 A. 638, 7 A. 625, is relied on to sustain this position. In that case it was only held that the lien of a decree for alimony is good as it accrues. The validity of a lien as to future installments was not involved. The lien is as certain as it would have been if it had been placed by the decree upon specific property. It is as

certain as dower is, and would have continued against other judgments as to this property, except for the bankruptcy proceedings. Such a lien cannot therefore be said to be against the public policy of Georgia, as in restraint of alienation. Whether the lien of a decree for permanent alimony attaches to property acquired subsequently to its entry is not here involved, and need not be considered.

[3] There is nothing in the Bankruptcy Act intended or designed to interfere with the laws of a state relating to alimony. But if the lien for future alimony could be extinguished by a voluntary proceeding in bankruptcy, as this is, then such lien could also be extinguished at the will of the bankrupt; for a solvent as well as an insolvent person has the right to surrender his property and become a voluntary bankrupt. We are of opinion that this cannot be done. Goff v. Goff, 60 W. Va. 9, 53 S. E. 769, 774; Isaacs v. Isaacs, 117 Va. 730, 86 S. E. 105, L. R. A. 1916B, 648.

The result is that the trustee in bankruptcy does not have the right to sell the property in controversy, freed from the lien of petitioner's decree for alimony, without her consent. Petitioner's lien, by the terms of the decree for alimony, would cease in the event she should marry again. If she should refuse to accept the balance of the price offered at the sale, over and above the liens superior to hers, it would be proper for the District Court to enter such an order as would provide for the safe-keeping of any funds which might become payable to the trustee in excess of the future monthly installments of alimony. But if an order to that effect be thought inadvisable, the only proper decree to enter is that the trustee make his election to abandon the property or to sell it subject to petitioner's lien.

The decree is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.