## SCHOOLER *vs.* SCHOOLER.

Exclusive jurisdiction in divorce cases, as also in equity cases, is vested in the superior court. Therefore, where an application for divorce was made by petition to the superior court, and extraordinary remedy by injunction also was prayed for and granted, the court could proceed in the case to grant a divorce in the manner provided by law. The power exercised would be that of a court of equity so far as related to the equitable relief sought, and that of a court of law so far as related to the other matters in the case, both powers being vested in the same court.

December 7, 1886.

Practice in Superior Court. Jurisdiction. Equity. Divorce. Husband and Wife. Before Judge FAIN. Bartow Superior Court. January Term, 1886.

On November 11, 1884, Mary A. Schooler filed her petition, addressed to the superior court of Bartow county, alleging, in brief, as follows: On July 18, 1861, she was

married to James B. Schooler, and they have had nine children born to them, of whom six are still living. She has in every way demeaned herself dutifully. Since the war, the husband has not seemed to take much interest in the family, or to be in earnest about recovering from the effects of the war. Petitioner invested the proceeds of her father's estate in land in Bartow county, which forms a home for herself and children. More than three years ago her husband left her and went to Tennessee. He took with him the proceeds of the crop of that year and borrowed money, signing petitioner's name to the notes given therefor. He has twice returned, but only to get more money. He is present again and has taken possession of the property with the intention, as petitioner believes, of selling it and going away again. She prays that he be enjoined from doing so, for a divorce *a vinculo matrimonii*, and for *subpœna*. The bill was sworn to.

Subsequently an amendment was filed, in which it was stated that "complainant comes and amends her bill." Cruel treatment on the part of the defendant was alleged, and a schedule of the personal property held by her and the defendant in Georgia was attached. Complainant did not admit that the property belonged to the defendant, but prayed that it be set apart to her as alimony; she also prayed for general relief.

On the hearing of the application for injunction, it was granted (see 74 *Ga.* 345).

The defendant answered, traversing all the substantial allegations of the bill. At the trial term, he demurred *ore tenus* and moved to strike that portion of the bill which prayed for the grant of a divorce, on the ground that a court of equity in Georgia has no jurisdiction to grant it. This was overruled, and a bill of exceptions *pendente lite* was filed. The case proceeded, and a first verdict for a divorce was found. During the same term, the defendant moved the court to set aside the verdict,

substantially on the same ground as that set up in the demurrer. This was overruled, and he excepted.

J. A. BAKER, for plaintiff in error.

MILNER, AKIN & HARRIS, by brief; A. M. FOUTE, for defendant.

BLANDFORD, Justice.

The only question presented by this record is this: Can the superior court, in its exercise of chancery power, grant a divorce, under the constitution and laws of this State? In this case, the application for divorce was, as provided by the code, by petition, and the extraordinary remedy for injunction was prayed for and granted.

The constitution provides that the superior courts shall have exclusive jurisdiction in divorce cases, and also in equity cases. Art. 6, sec. 4, par. 1, constitution, code, §5139. And by sec. 15, par. 1, code, §5165, it is declared that no total divorce shall be granted except on the concurrent verdicts of two juries rendered at different terms of the court. The power exercised in this case was that of equity so far as related to the equitable relief sought, and that of a court of law as related to the other matters in the case; but all the power exercised was by the superior court, to which court the constitution had committed the jurisdiction in divorce cases. And the superior court may, in divorce cases, exercise all of its powers, whether they be that of a court of law or a court of equity, necessary to maintain and carry out its jurisdiction over this subject-matter so as to render the same effectual. These seem to have been the views of the court below, and its judgment is affirmed.