RUSSELL, for use, *v.* RICE.

Land sold and conveyed by a husband to one who purchased bona fide and for value is not, though the sale and conveyance were made after the grantor had separated from his wife and while an action for divorce brought by her against him was pending, subject to an execution issued upon a judgment for alimony rendered in the divorce case, when it appears that such land was neither embraced in a schedule of the husband's property filed in that case, nor disposed of by the final verdict and judgment therein. Mere knowledge by such a purchaser of the separation, and of the fact that the divorce suit was pending, would not alone be sufficient to affect the latter's title ; nor would the same be invalidated because the judgment in the divorce proceeding declared that the alimony thereby allowed should be a charge upon and bind all the property of the husband from the date of the separation.

Argued December 16, 1897.— Decided January 20, 1898.

Levy and claim. Before Judge Candler. DeKalb superior court. February term, 1897.

*H. C. Jones* and *F. A. Quillian,* for plaintiff.
*Albert & Hughes* and *John A. Wimpy,* for defendant.

LUMPKIN, P. J.　This was a claim case which resulted favorably to the claimant.　It appears from the record that Mrs. Phedora A. Kilgore instituted an action for a divorce against her husband, James L. Kilgore, and in connection with her libel filed what purported to be a schedule of his property.　In this schedule, however, no mention was made of the land now in controversy.　A divorce was granted, and the judgment entered upon the final verdict allowed to the wife and two minor children certain sums of money as alimony, and declared that the same should be a charge upon and bind all the property of the husband from the day the separation between his wife and himself took place.　An execution issuing upon this judgment was levied upon the land now in dispute, and a claim to the same was filed by Mrs. M. E. Rice, who had, after the divorce suit was commenced, purchased this land from Kilgore, paying him full value for it, and taking from him a deed to the same.　She knew at the time of making this purchase that Kilgore and his wife had separated, and that the latter had brought the action for divorce.　It does not, however, appear that in selling the land to Mrs. Rice, Kilgore did so with any fraudulent intention of defeating any judgment for alimony which might be rendered against him, or that there was any reasonable ground on the part of Mrs. Rice for suspecting the existence of any such design.　On the contrary, it is clear that she purchased in good faith and in the full belief that she was acquiring a perfect title to the property.　The court instructed the jury, in substance, upon the line indicated in the above headnote, and directed a verdict in favor of the claimant.　The bill of exceptions alleges that this was error.

In order that the following discussion may be clearly understood, we will set forth in full three sections of the Civil Code.　They are as follows: "§ 2435.　*Schedule.*　In all suits for divorce, the party applying shall render a schedule, on oath, of the property owned or possessed by the parties at the time of the application — or at the time of the separation, if the parties have separated — distinguishing the separate estate

of the wife, if there be any, which shall be filed with the petition, or pending the suit, under the order of the court. The jury rendering the final verdict in the cause may provide permanent alimony for the wife, either from the corpus of the estate or otherwise, according to the condition of the husband and the source from which the property came into the coverture." "§ 2436. *Transfer pending suit.* After a separation, no transfer by the husband of any of the property, except bona fide in payment of pre-existing debts, shall pass the title so as to avoid the vesting thereof, according to the final verdict of the jury in the cause." "§ 2437. *Verdict of jury.* The verdict of the jury shall specify the kind of divorce granted, and the disposition to be made of the scheduled property." The property which, under section 2436, the husband can not convey so as to avoid the vesting thereof in accordance with the final verdict of the jury, necessarily means property embraced in the schedule provided for by the preceding section. Of this there can be no doubt, because section 2437 distinctly declares that the verdict shall specify "the disposition to be made of the scheduled property." It follows that a conveyance made by the husband of land not in such schedule, though executed after a separation between his wife and himself and while a divorce action is pending, is not affected by the law laid down in the above-quoted sections of the code. Of course such a conveyance might be void if fraudulently made to defeat an allowance of alimony, and the fraudulent intention was known to and participated in by the grantee, or there was reasonable ground for his suspecting it; but in the absence of such fraud the conveyance will be good. This court, in *Barclay* v. *Waring*, 58 *Ga.* 86, held that even where property was embraced in a schedule attached to a libel for divorce, the title to the same was in no wise affected by a judgment therein rendered which did not dispose of such property in any way. Again, in *Almand & George* v. *Seamans*, 89 *Ga.* 309, it was held: "Where property of the husband is neither embraced in any schedule filed in a suit brought by him for divorce, nor disposed of by the final verdict granting the divorce, a bona fide sale and conveyance of the same, made by him after the separation and

pending the suit, is not affected by the verdict and judgment thereon allowing to a minor child of the marriage a fixed sum in money per annum as alimony. The restraint on alienation imposed by the statute (Code, § 1721) is operative only in so far as it renders the alienation subordinate to any disposition of the specific property which may be made by the jury in the final verdict." The same doctrine was recognized in *Coulter* v. *Lumpkin*, 94 *Ga.* 225, and it was held in that case that a mortgagee who bona fide took from the husband a mortgage on property owned by the latter while a suit for alimony was pending against him, would be protected although the mortgagee knew of the pendency of this suit when he took the mortgage. There are, in the volume last mentioned, two other cases in complete accord with the decision made in the present case, viz., *Driver* v. *Driver*, p. 449, and *Williams* v. *Williams*, p. 627. In the last case it was said that "the decree in the divorce suit can, as a judgment in rem, operate only upon property embraced in the schedule or described in the decree itself."

*Venable* v. *Craig*, 44 *Ga.* 437, the case mainly relied upon by counsel for the plaintiff in error, does not support his contention, for in that case it distinctly appears that the property in dispute was included in the schedule filed with the libel for divorce, and in the final trial decreed to the wife as alimony for and during her life, with remainder to her children. Another case cited for the plaintiff in error was that of *Lamar* v. *Jennings*, 69 *Ga.* 392. That case simply held that section 1721 of the code then in force (Civil Code, § 2436) restricted the alienation of property by the husband after separation solely for the purpose of securing alimony to the wife when sued for by her, and did not operate in favor of third parties. It is, however, evident that Justice Speer, who delivered the opinion of the court, thought that the property upon which this section was designed to operate was that only which might be included in the schedule; for, after referring to the provision for "the vesting thereof according to the final verdict of the jury in the cause," he remarked that the wife's right to her alimony is superior to the title of a bona fide vendee "whenever the

jury who investigates her claim and her conduct vests the title in her by a final verdict in the cause." He also said,—and the same is applicable here,—that the restriction upon the free "alienation of property by the owner is contrary to public policy," and therefore not to be extended "by construction beyond the plain intent and meaning of the law." Evidently a mere verdict finding a specified sum as alimony can not be treated as vesting in any manner, or in any person, a title to any specific property; and though such verdict and the judgment entered thereon may make the sum allowed as alimony a charge upon all the husband's property, it still falls short of disposing of any particular piece of property, or vesting title thereto in the party, or parties, to whom the alimony is granted. The word "all," as used in such a connection, must be construed as referring only to property mentioned in the case, and can not be held to embrace any other property owned by the husband,—certainly not property which he has sold and conveyed before the entry of the judgment, and upon which, therefore, it would not take effect. The trial judge, under the facts disclosed by the record, committed no error in directing a verdict in favor of the claimant.

*Judgment affirmed. All the Justices concurring.*