## LANDIS *v.* SANNER.

Under the evidence in this case, the execution which the plaintiff was attempting to enforce was dormant, not having been kept in life under the provisions of section 4355 of the Code of 1910; and the court did not err in dismissing the levy upon motion of the claimant.

MARCH 1, 1917.

Claim to land. Before Judge Bell. Fulton superior court. November 11, 1915.

*W. H. Terrell* and *Anderson & Rountree,* for plaintiff.

*Candler, Thomson & Hirsch,* contra.

BECK, J. This case grows out of an issue made by levy upon land and the interposition of a claim thereto. Motion was made by the claimant to dismiss the levy on the ground that the execution was dormant, and the judge sustained this motion. To this judgment the plaintiff excepted.

The court properly held the fi. fa. to be dormant, and therefore ruled correctly in dismissing the levy. The fi. fa. was based upon a judgment rendered on the 19th day of October, 1897, in a suit for divorce and alimony. The decree rendered in that case, after awarding the custody of the minor child of the marriage to the libellant, a certain sum of money as permanent alimony, another sum for the support of the child during minority, and another sum as attorney's fees, provided that "The sums here found shall be a special lien on the property described in the petition as the property of said defendant, and on the interest of the defendant in the estate of Solomon Landis, deceased, both being subject to the homestead estate." The fi. fa. follows the decree. The property levied upon formerly belonged to the father of the defendant in fi. fa., Solomon Landis, and in 1869 it was set apart as a homestead to Solomon Landis as the head of a family consisting of his wife, Mary A. Landis, and his minor children, Martha, Mary, and Thomas M. The last-named beneficiary is the defendant in fi. fa. The homestead property was not scheduled in the divorce suit when it was first filed, but was scheduled in an amendment to the libel for divorce. Solomon Landis died prior to October 19, 1897. The homestead expired in 1915; the last beneficiary died at that time, and shortly thereafter the fi. fa. was levied upon the property in controversy.

The defendant in fi. fa. did not have such an interest in the

property covered by the homestead, that it could be made the subject of a general judgment lien or a special lien at the time of the filing of the libel for divorce: he did not have such an interest in that property as made it a proper subject for schedule. So far as any reversionary interest in the property was concerned, that was subject to any disposition which the head of the family, Solomon Landis, might make of it by deed or by will. Inasmuch as the property could not have been scheduled at the time of filing the libel for divorce, we do not think the court could render a judgment or decree in the divorce suit that would be a special lien upon this property, or that the verdict and the decree could make any disposition of the property under the provisions of section 2956 of the Civil Code. Of course a money judgment for alimony, like the one in the present case, based upon a final verdict of a jury in a divorce suit, would give the plaintiff a judgment lien against any property which the defendant might own at the date of the judgment. And where property belonging to the defendant at the time of the commencement of the divorce suit was scheduled then, or, under the judgment of the court, was scheduled pending the trial, in passing upon the question of alimony the jury in their final verdict could specify the "disposition to be made of the scheduled property." But this expression, "scheduled property," as used in section 2956, has reference, as is indicated above, to property scheduled in accordance with the provisions of section 2954, and that has reference only to property owned by the defendant at the time of the filing of the libel for divorce. This construction of section 2954 and the two succeeding sections may be a very strict one, but it is proper to give them a strict construction; and the effect of these sections should not be extended beyond their terms by construction. *Singleton* v. *Close,* 130 *Ga.* 716 (61 S. E. 722). The creation of a special lien in the judgment above referred to was beyond the jurisdiction of the court, and such judgment did not have the effect of creating a special lien according to the purport of the terms used in the verdict and decree. Consequently the judgment on the verdict in the case was only a common-law judgment; this is certainly true as to strangers to the suit. The fi. fa. based upon this judgment was dated October 21, 1897, and was entered on Fulton superior court execution docket and general execution docket on October-21, 1897. It had on it an entry of

levy on the land described in the decree, the levy being dated November 12, 1897; also a levy on the same property dated September 11, 1915. Both levies recited notification to tenant in possession. The judgment in this case amounting to nothing more than an ordinary common-law judgment, the fi. fa. based upon it, not having been kept in life in accordance with the provisions of section 4355 of the Code of 1910, was dormant, and the court did not err in so ruling.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*