## NEWTON v. FALLIGANT et al.

1. A suit for divorce and alimony having been brought in the county of the residence of the husband, the court properly allowed an amendment alleging that prior to the bringing of the suit the husband, for the purpose of evading the payment of alimony, had without consideration fraudulently conveyed certain valuable real estate lying in a different county from that in which the suit was brought, and that the grantee in this conveyance had fraudulently and without consideration conveyed the property to the sister of the husband.

2. The plea to the jurisdiction and the answer to the rule to show cause why he should not be made a party, filed by the last named grantee,

were properly dismissed. The court had jurisdiction of all the facts referred to.

3. The suit as amended is not one respecting titles to land, within the meaning of that part of the constitution which requires that suits respecting titles to land be brought in the county where the land lies.

No. 6204. MAY 18, 1928.

Cancellation of deed. Before Judge Meldrim. Chatham superior court. August 8, 1927.

*T. J. Evans* and *Bouhan & Atkinson,* for plaintiff in error.

*Oliver & Oliver* and *Seabrook, Kennedy & McWhorter,* contra.

BECK, P. J. Mrs. Estelle Falligant brought suit for divorce and alimony against John G. Falligant, alleging a separation on February 15, 1926. A first verdict of divorce was rendered. On March 16, 1927, the plaintiff filed an amendment alleging that the defendant owned certain lands in Screven and Effingham Counties, of the alleged value of $20,000; that, anticipating a separation, he conveyed these lands on June 17, 1924, to John I. Marsh, receiving no consideration therefor; that on December 15, 1924, John I. Marsh conveyed the lands to Mrs. Pearl Newton; that both Marsh and Mrs. Newton are residents of Screven County. The amendment sought to make Marsh and Mrs. Newton parties to the suit, for the purpose of cancelling the deeds to them. Mrs. Newton filed a demurrer, claiming in substance that no case is made against her; that the petition shows that the court has no jurisdiction of her as a party, or of the subject-matter. She filed a plea to the jurisdiction, which was dismissed on oral demurrer. She also filed an answer claiming that as she was a resident of Screven County, her grantor a resident of Screven County, and the land in question located in Screven and Effingham Counties, the Chatham County court had no jurisdiction of her, and that she should not be made a party. This answer was likewise dismissed on demurrer. To these rulings exceptions were taken.

1. We are of the opinion that the court properly overruled the plea to the jurisdiction and dismissed the answer to the rule to show cause, and properly overruled the demurrer to the petition as amended. And the court properly allowed the amendment seeking to set aside a deed to Marsh and the deed to Mrs. Newton to the lands in Screven and Effingham Counties. Petitioner was seeking a recovery of alimony; and if she was entitled to alimony, the court in making to her an allowance for that purpose should have had

before it pertinent facts illustrative of the defendant's ability to pay alimony. The amount to be awarded to petitioner in the event of her recovery would be to a material extent dependent upon the amount of property of the defendant which would be subject to petitioner's demands. If the defendant had actually conveyed away, for the purpose of evading the payment of alimony, real estate of a large value, and had done so fraudulently and under circumstances that rendered the deed void, then it would be competent for the court having jurisdiction of the suit for divorce and alimony to declare void the deed of the defendant conveying the real estate to other parties, and thereby render the property fraudulently conveyed subject to the judgment for alimony. To set that deed aside, the defendant of course was a necessary party. The suit for alimony was pending against him in the superior court of Chatham County, and it was necessary to have the grantee in the deed executed by the defendant to the property in question before the court. And if the deed executed by the defendant was void as against the petitioner in this case, it would then also be necessary to inquire whether the deed executed by the defendant's grantee to a third person was also void. The real ownership of the realty conveyed by the husband, in the first place, to Marsh and afterwards by him to Mrs. Newton, was a material subject of inquiry,—an inquiry, which it was necessary for the court to pursue until the question was settled. It made no difference that there was an intervening grantor between Falligant, the defendant, and Mrs. Newton. The deed to Mrs. Newton executed by Marsh was the last step taken in a fraudulent scheme to place the property beyond the reach of the court, and the court had the right and the jurisdiction in the one case to trace out and lay bare the fraudulent scheme which gave a title to Mrs. Newton as against the demands of petitioner, demands that would exist and be enforceable against it in the event of the recovery of alimony. When we use the expression "fraudulent scheme" entered into by these parties, we have reference of course to the allegations of the petition as amended, which we are bound to assume to be true as against the demurrer; for the truth of the case is as it will appear when evidence is submitted on the trial of the issue. Substantial relief is, of course, prayed against the defendant in this case and against the parties named in the amendment, Marsh and Mrs. Newton; and it follows from what we have said that jurisdic-

tion over all of the parties was in the superior court of Chatham County.

2. The amendment to the suit does not render it one respecting titles to land within the meaning of the constitution which requires suits respecting titles to land to be brought in the county where the land lies; but in view of the nature of the relief sought against all of the defendants, it was properly brought in Chatham County.

*Judgment affirmed.    All the Justices concur.*