## STEPHENS *v.* STEPHENS *et al.*

No. 7038.  MAY 16, 1929.  REHEARING DENIED JUNE 13, 1929.

*Linton S. James* and *Clifford M. James,* for plaintiff.

*Clarke & Clarke, W. W. Gaines, J. L. Mayson,* and *H. M. Morris,* for defendant.

HINES, J.  (After stating the foregoing facts.)

█ We deal first with the plaintiff's exceptions pendente lite to the judgment of the court upon the demurrer filed by Dora M. Haugwitz to the plaintiff's petition.  By this judgment it is adjudicated that the title of Dora M. Haugwitz under her security deed is superior, under the facts alleged in the petition, to the plaintiff's claim for alimony.  Did the court err in the rendition of this judgment?  It is insisted by counsel for the plaintiff that the judge erred in rendering this judgment, for the reason that the case is controlled by section 2955 of the Civil Code.  Section 2954 provides that "In all suits for divorce, the party applying shall render a schedule, on oath, of the property owned or possessed by the parties at the time of the application, or at the time of the separation—if the parties have separated,—distinguishing the separate estate of the wife, if there be any, which shall be filed with the petition, or pending the suit, under the order of the court.  The jury rendering the final verdict in the cause may provide permanent alimony for the wife either from the corpus of the estate or otherwise, according to the condition of the husband, and the source from which the property came into the coverture."  Section 2955 provides that "After a separation, no transfer by the husband of any of the property, except bona fide in payment of preexisting debts, shall pass the title so as to avoid the vesting thereof according to the final verdict of the jury in the cause."  This restriction upon the free alienation of his property by the husband is contrary to public policy, and will not be extended by construction beyond its plain intent and meaning.  *Lamar* v. *Jennings,*

69 *Ga.* 392; *Russell* v. *Rice,* 103 *Ga.* 310, 314 (30 S. E. 37). This section, when construed in connection with its cognate sections, does not restrict transfers or sales by the husband of his property, made bona fide and for value, prior to the institution of the divorce suit, but is operative only on conveyances made by him during the pendency of a libel for divorce. *Singleton* v. *Close,* 130 *Ga.* 716 (61 S. E. 722); *Landis* v. *Sanner,* 146 *Ga.* 606, 607 (91 S. E. 688). Furthermore, the restriction on alienation imposed by this section operates only in so far as it renders the alienation subordinate to any disposition of the specific property which may be made by the jury in the final verdict. In a libel for divorce the verdict of the jury must specify "the disposition to be made of the scheduled property." Civil Code (1910), § 2956. This restraint does not affect property not specifically disposed of by the final verdict granting the divorce. *Barclay* v. *Waring,* 58 *Ga.* 86; *Almand* v. *Seamans,* 89 *Ga.* 309 (15 S. E. 320). This restriction applies only to property owned by the husband at the time of the filing of the libel for divorce. *Landis* v. *Sanner,* supra. The final verdict did not make any specific disposition of the equity of the husband in the land involved in this litigation. It awarded alimony in money to be paid in monthly installments. Nor did the husband have any equitable interest therein, as he had transferred the bond for title under which he claimed an equitable interest, prior to the institution of his wife's libel for divorce.

We do not mean to hold that a wife could not, independently of the above sections of the code, bring an equitable proceeding to cancel and set aside conveyances or transfers of property made by her husband with intent to defeat the recovery by her of alimony, and that such a proceeding would lie against a grantee or transferee of the husband, who took with knowledge of such intent or with reasonable grounds to suspect such intent. This can be done. *Wood* v. *Wood,* 166 *Ga.* 519 (143 S. E. 770). In the present case the wife alleges that the husband transferred the bond for title to the Lucile Avenue property to his brother with intent to defeat her claim for alimony; but she does not allege that Mrs. Haugwitz had notice or knowledge of this intent, or that the circumstances were such as to create a reasonable suspicion on her part that such was the intent of the transfer. Nor does the wife allege that Mrs. Haugwitz took her security deed with any intent

to defeat her claim for alimony. The only notice which the wife alleges that Mrs. Haugwitz had of the intention of the husband to put his property where it could not be reached to pay her claim for alimony is the pendency of the libel for divorce, in which it was alleged that the husband owned an equitable interest in the land involved in this suit. In other words, the only notice which the plaintiff claims Mrs. Haugwitz had is the notice arising from the pendency of her libel for divorce. A pending suit is a general notice of an equity or claim to all the world from the time the petition is filed and docketed. Civil Code (1910), § 4533. What was the extent of the notice given to Mrs. Haugwitz by the pendency of the divorce suit? Ordinarily an action for divorce does not constitute lis pendens. Where the libel for divorce describes specific property which is sought to be set apart to the wife, or is sought to be charged with the payment of a sum claimed by the wife in a suit for divorce and alimony, the suit may constitute lis pendens, where such relief may otherwise be properly granted. 38 C. J. 23, § 26.

If the husband, at the time the libel for divorce was filed, owned an equity in the Lucile Avenue property, which was included in the enumeration of the husband's property in the petition for divorce, the pendency of this divorce suit filed by the wife would have been notice to Mrs. Haugwitz that any alienation of the property by the husband would be subordinate to any disposition of the specific property made by the jury in the final verdict, and that if no such disposition was made of this property, the restriction upon the husband's power of alienation would not apply to such property. *Almand* v. *Seamans, Russell* v. *Rice,* supra. The pendency of the libel for divorce would not be notice of the claim of the wife that the husband had fraudulently, before the institution of the divorce suit, transferred his property to another to defeat her claim for alimony. So if the husband had fraudulently transferred his bond for title to this property to his brother, prior to the institution of the divorce suit, to defeat the wife's claim for alimony, and if Mrs. Haugwitz had taken from the brother his deed to secure a loan, with notice of such purpose, then her claim of title would be subordinate to the claim of the wife for alimony. The pendency, however, of the divorce suit would not be notice to Mrs. Haugwitz of such intent or purpose of the husband in his

transfer of the bond for title to this property to his brother. This being so, and there being no allegation in the petition that Mrs. Haugwitz had notice otherwise of, or reasonable grounds to suspect, such purpose or intent on the part of the husband, the petition of the wife failed to make a case which would subordinate the title of Mrs. Haugwitz to her claim for alimony. "A bona fide purchaser for value, without notice of an equity, will not be interfered with by a court of equity." Civil Code (1910), § 4531. "If one with notice sells to one without notice, the latter is protected." Civil Code (1910), § 4535. This being so, the trial judge properly held that the petition did not make a case for the cancellation of this security deed, or for subordinating it to the claim of the wife for alimony, and that the security deed was superior to the claim of the wife for alimony. It follows that the judgment of the court upon the demurrer of Mrs. Haugwitz to the petition was not erroneous, and that judgment is affirmed.

This brings us to next consider whether the court erred in granting a nonsuit as to Mrs. Haugwitz. It is insisted that the grant of a nonsuit as to her was proper for a number of reasons. In the first place, it is insisted that a nonsuit was proper for the reason that the final verdict in the divorce case did not subject the property involved in this case to the alimony judgment, and that for this reason the petition of the wife makes no case for setting aside or subordinating the loan deed of Mrs. Haugwitz to the claim of the wife for alimony. While this contention is well taken, as we have endeavored to show in the preceding division of this opinion, this fact would not authorize the grant of the nonsuit as to this party under the state of the record in this case. This will appear in what will be said hereinafter. In the second place it is urged that the final decree put an end to the divorce case, and that for this reason the court was without jurisdiction to take any further steps in the case. This position would be well taken if the divorce proceeding had remained one in which the wife sought divorce and alimony alone. The wife, prior to the final verdict in the divorce case, by amendment to her petition for divorce, alleged that her husband had threatened to sell everything which he possessed, and that if he was allowed to do so he would not be able to answer her claim for alimony. She prayed that he be restrained from so doing. The court granted an order restrain-

ing him from disposing of any furniture or other property owned by the plaintiff. Prior to the final verdict and decree in the divorce case, the wife, on August 12, 1926, filed her petition in which she set out the filing of her petition for divorce, the listing therein, among other property, of the husband's equity in the property involved in this case, the granting to her and her minor son of temporary alimony in the sum of $40 per month, the failure of the husband to pay said alimony, his adjudication as a lunatic and commitment to the State asylum for insane, the non-appointment of a guardian of his person or property, the lack of means of support for herself and minor child, except her labor, her inability to secure regular remunerative employment, the payment of $500 by her on the purchase-price of the house and lot on Lucile Avenue, which was not in her possession, that it was being allowed to deteriorate and was not being used to pay the temporary alimony installments as they became due. She prayed for the appointment of a receiver to take charge of this property, to rent the same, to pay her personal interest in it, and pay the alimony due her and her son. A temporary receiver was appointed and instructed to collect the rents of this property, and apply the same to the payment of the purchase-money due and to the alimony judgment.

Prior to the final decree in the divorce case, R. L. Stephens intervened and alleged that he was the bona fide owner for value of the property involved in this case, without notice of the wife's claim for alimony, by reason of the fact that her husband had transferred to him his bond for title to this property prior to the institution of the divorce case, and that the maker of the bond for title upon the payment by him of the balance due on the purchase-money had conveyed the same to him. He prayed that the receiver of this property, who had been appointed in the divorce case at the instance of the wife, be enjoined from interfering with his possession, that the order obtained by the receiver to take possession thereof be set aside, that the cloud cast upon his title thereby be forever removed, and for general relief. On June 22, 1927, the plaintiff amended her petition of August 12, 1926, in which she alleged that the transfer by her husband to his brother of the bond for title to the property involved was not a valid and bona fide sale for value, but a fraudulent scheme by which her husband

attempted to defraud her and her minor son out of the alimony rights in the property conveyed. In this amendment she further alleged that the conveyance from R. L. Stephens to Mrs. Haugwitz was tainted with fraud on the part of the grantor, and that the vendee was chargeable with notice thereof by reason of the pendency of the divorce suit. She prayed that Mrs. Haugwitz and others be made parties to this cause, that the transfer of the bond for title from her husband to R. L. Stephens be set aside and canceled on account of lack of consideration and fraud as set out above, and that the deed from R. L. Stephens to Mrs. Haugwitz be set aside and canceled. Said persons were made parties to the suit as prayed by the plaintiff, and the temporary injunction was made permanent. Mrs. Haugwitz demurred to the petition and amendments, and subject to her demurrer filed an answer in which she denied that her deed to said property was tainted with any fraud, and prayed that the lien of her loan deed be set up and established for the full amount thereof with interest thereon as specified in said deed. In this state of the pleadings the case came on for hearing before the court and a jury.

It will thus be seen that the divorce proceeding, by amendments thereof, and by independent petitions filed by the wife, has been changed into an equitable proceeding by which the wife sought to set aside the transfer made by her husband to his brother of the bond for title under which the husband owned an equity in the property involved in this case, and the deed to this property made by the brother to Mrs. Haugwitz to secure a loan, and that by the intervention of the brother in the case, and by the answer of Mrs. Haugwitz to the petition under which she was made a party to this proceeding, these defendants sought affirmative equitable relief to enforce rights which they claimed to the property involved. Furthermore, the court in dealing with the demurrer filed by Mrs. Haugwitz to the petition in this case held that she should be kept in the case as a nominal party. We construe this holding to mean that she was at least a proper party defendant, and that the case should not be wholly dismissed as to her. She did not except to this judgment, and is now bound by it. Being a party to the case, and having been adjudged a proper party thereof, by which adjudication she is bound by not excepting thereto, and having prayed in her answer that the lien of her loan

deed be set up and established for the full amount thereof with interest thereon, thus seeking to establish the priority of her claim over that of the wife, a nonsuit should not have been granted as to her, but the case should have proceeded in order that the respective rights of the parties might be determined, unless it appears that a nonsuit should have been granted as to R. L. Stephens. On the questions involved see *Schooler* v. *Schooler, 77 Ga.* 601; *Moody* v. *Muscogee Manufacturing Co., 134 Ga.* 721, 730 (68 S. E. 604, 20 Ann. Cas. 301); *Wilkes* v. *Wilkes, 157 Ga.* 841 (122 S. E. 548); *Morgan* v. *Morgan, 157 Ga.* 907 (123 S. E. 13); *Newton* v. *Falligant, 166 Ga.* 450 (143 S. E. 391).

■■ Was the grant of a nonsuit as to R. L. Stephens proper? In a suit for divorce and alimony, an amendment alleging that prior to the bringing of the suit, the husband, for the purpose of evading the payment of alimony, had without consideration fraudulently transferred to his brother an equitable interest in certain real estate, was proper. *Newton* v. *Falligant,* supra. On the trial of the issue whether such transfer was fraudulently made in order to defeat the wife's claim for alimony, the case should have been allowed to go to the jury if there was any evidence going to sustain the contentions of the plaintiff that the first transfer was fraudulently made for the purpose aforesaid, as the court had no discretion in the matter of granting a nonsuit, and although in many cases a new trial should be granted where the motion for nonsuit was properly overruled. *E. & W. R. Co.* v. *Sims, 80 Ga.* 807 (6 S. E. 595). "Fraud may not be presumed, but, being itself subtle, slight circumstances may be sufficient to carry conviction of its existence." Civil Code (1910), § 4626. This is particularly true in family transactions. *Woodruff* v. *Wilkinson, 73 Ga.* 115 (3); *Cowan* v. *Bank of Rockdale, 159 Ga.* 123, 125 (125 S. E. 194); *McLendon* v. *Reynolds Grocery Co., 160 Ga.* 763 (5) (129 S. E. 65). It is true that the principle that a conveyance between relatives is to be scanned closely is not applicable until badges of fraud, other than relationship, are proved. *Hicks* v. *Sharp, 89 Ga.* 311 (15 S. E. 314). Were the facts and circumstances in evidence sufficient to take the case to the jury? The husband and wife separated on December 29, 1925. On December 30, 1925, they discussed the question of an alimony settlement. On December 31, 1925, all the furniture was moved from their home at 361 Lucile

Avenue to the home of the brother, R. L. Stephens. On January 1, 1926, the husband transferred his bond for title to the property at 361 Lucile Avenue to his said brother. The transfer recites that it was made "for value received and compliance." There was evidence authorizing the jury to find that the husband and said brother were in the office of an attorney just before the divorce suit was filed. The husband said to the attorney that he desired that whatever paper was to be drawn be executed before his wife filed suit for divorce. The witness who testified to these facts said that he was not certain that the brother of the husband heard this remark, but that it seemed to him the brother was present when this remark was made. The wife filed her libel for divorce on January 2, 1926. In his intervention R. L. Stephens alleged that he bought this property from the Murphy Real Estate Company for a consideration of $2,250, when the evidence discloses that there was due by the husband on this property to that company only $600. He further alleges in his intervention that at the time he took the transfer of the bond for title from his brother to this property he knew of no matrimonial differences between the husband and wife. In these circumstances, we think the case was one for the jury. It follows that the court erred in granting a nonsuit.     *Judgment reversed. All the Justices concur.*