CHERO-COLA COMPANY *v.* MAY *et al.*

No. 6973.   October 5, 1929.

*Arnold & Battle* and *Lee, Congdon & Fulcher,* for plaintiff.
*W. Inman Curry, Paul T. Chance, Fleming & Fleming, W. M. Lesler,* and *Hull, Barrett & Willingham,* for defendants.

Beck, P. J.   After rendering a decision in this case, by which the judgment of the trial court was affirmed, a motion for a rehearing was filed by the plaintiff in error, the Chero-Cola Company. The rehearing was granted, and the case again taken up for consideration.   Realizing that the principle involved was one of importance, the court gave to the controlling question presented by the record careful consideration; and after further consideration the court has reached a different conclusion from that announced in the majority opinion as at first filed, and we are now of the opinion that the sounder view is stated in the dissenting opinion written by Mr. Justice Gilbert and concurred in by Mr. Justice Atkinson, and the former opinion, in which were presented the views of the majority, has been withdrawn and the dissenting opinion, with a few verbal changes, is substituted therefor as follows:

In this record is involved the question of whether a judgment for permanent alimony, payable in stated monthly installments, creates an enforceable lien against the property of the husband which he then owns or may afterwards acquire, having a priority over liens which the husband may subsequently create in favor of other creditors.   The importance of the question is manifest.   It involves the question of the free alienation of all or any of one's property, possibly for the remainder of his life, after the rendition of a judgment awarding permanent alimony.   In this case such judgment is not for a gross sum, but for monthly payments so long as the

wife may live or remain unmarried (*Fisher* v. *Fisher,* 164 *Ga.* 81, 137 S. E. 821), and such judgment does not undertake to create such lien upon any property of the husband. To construe such a judgment as creating a special or prior lien on all the property of the husband, to secure monthly payments of alimony as stated above, would be to so effectually tie up every species of his property that he would be unable to engage in any business or to make any use of his property whatever in the way of transfer so long as the judgment remained in force. The Civil Code (1910), § 2954, declares: "In all suits for divorce, the party applying shall render a schedule, on oath, of the property owned or possessed by the parties at the time of the application—or at the time of the separation, if the parties have separated. . . The jury rendering the final verdict in the cause may provide permanent alimony for the wife, either from the corpus of the estate or otherwise, according to the condition of the husband and the · source from which the property came into the coverture." § 2955 is as follows: "After a separation, no transfer by the husband of any of the property, except bona fide in payment of pre-existing debts, shall pass the title so as to avoid the vesting thereof according to the final verdict of the jury in the cause." And § 2956 is: "The verdict of the jury shall specify . . the disposition to be made of the scheduled property." All three of these sections were taken from the act of 1806. Cobb's Dig. 224, 225.

In *Landis* v. *Sanner,* 146 *Ga.* 606 (91 S. E. 688), a case dealing with a judgment for permanent alimony payable in monthly installments, and where the judgment provided for a special lien, it was decreed: "The sums here found shall be a special lien on the property described in the petition as the property of said defendant and on the interest of the defendant in the estate of Solomon Landis, deceased, both being subject to the homestead estate." In that case a fi. fa. was issued, the terms of which followed the decree. The homestead property was scheduled in an amendment to the libel for divorce. Solomon Landis died, and the homestead expired. After the last beneficiary died the fi. fa. was levied on the property. This court held that the defendant in fi. fa. did not have such an interest in the homestead property that it could be made a subject of the special lien or judgment lien, and did not have such an interest in that property as made it proper subject for

schedule. In the opinion it was stated: "Inasmuch as the property could not have been scheduled at the time of filing the libel for divorce, we do not think the court could render a judgment or decree in the divorce suit that would be a special lien upon this property, or that the verdict and the decree could make any disposition of the property under the provisions of section 2956 of the Civil Code. Of course a money judgment for alimony, like the one in the present case, based upon a final verdict of a jury in a divorce suit, would give the plaintiff a judgment lien against any property which the defendant might own at the date of the judgment. And where property belonging to the defendant at the time of the commencement of the divorce suit was scheduled then, or, under the judgment of the court, was scheduled pending the trial, in passing upon the question of alimony the jury in their final verdict could specify the 'disposition to be made of the scheduled property.' But this expression, 'scheduled property,' as used in section 2956, has reference, as is indicated above, to property scheduled in accordance with the provisions of section 2954, and that has reference only to property owned by the defendant at the time of the filing of the libel for divorce. This construction of section 2954 and the two succeeding sections may be a very strict one, but it is proper to give them a strict construction; and the effect of these sections should not be extended beyond their terms by construction. *Singleton* v. *Close,* 130 *Ga.* 716 (61 S. E. 722). The creation of a special lien in the judgment above referred to was beyond the jurisdiction of the court, and such judgment did not have the effect of creating a special lien according to the purport of the terms used in the verdict and decree."

From a careful reading of the sections of the Code above quoted and the opinion in the *Landis* case, it seems clear that the provision for scheduling of property in a suit for divorce and alimony is for the purpose of placing on record a description of the precise property affected by the suit, and such notice is a warning to all persons not to purchase property so scheduled. Also it brings to the court and jury definite specified property out of which the libellant seeks to have a support set aside. The property not so scheduled is not affected. And a conveyance made by the husband of such unscheduled property after a separation between his wife and himself, and while a divorce action is pending, is not affected. Even

when scheduled, if not set apart, the title to the property is not affected by the alimony judgment. *Russell* v. *Rice,* 103 *Ga.* 310 (30 S. E. 37) ; *Coulter* v. *Lumpkin,* 94 *Ga.* 225 (21 S. E. 461). Moreover, the restriction upon the free alienation of property by the owner is contrary to public policy, and will not be extended by construction beyond the plain intent and meaning of the law. *Lamar* v. *Jennings,* 69 *Ga.* 392; *Russell* v. *Rice,* supra. In the present case the judgment awarding alimony to Mrs. May did not undertake to provide a special lien. It does not appear from the intervention of Mrs. May that any execution has ever been issued in her favor on the judgment for any unpaid installments, and it must therefore be assumed that none such have been earned. In fact it does not appear that at the time of the execution of the plaintiff's mortgage or bill of sale any of the monthly installments for alimony were due and remained unpaid. A similar case came before the United States Court for the Northern District of Georgia. In that case, as in this, there was a decree awarding alimony to the wife, payable in monthly installments, with no provision in the decree for a lien upon the husband's property. Some alimony payments were not made when due, and, unlike this case, execution was issued for the monthly payments due and unpaid, and such execution was levied on the property of the husband. The property had been offered for sale under the order of a court of bankruptcy, and the question arose as to whether the property should be sold subject to a lien of the wife or free of such lien. The wife claimed a lien, not only for the amount in arrears, but for the present value of all future installments. The opinion rendered by Judge Samuel H. Sibley of that court is so pertinent to the question here involved that the following portion is quoted: "As to the amount of the lien, only the installments which had accrued when by bankruptcy the title . . passed by operation of law from the bankrupt can be regarded. Future installments were then not only not due, but not owing, and might never be. It could not be told what number of installments would accrue, nor whether any would. No gross sum had been adjudged as owing, with payments in deferred installments, but only a duty had been declared, the performance of which was doubly conditioned on the life and non-marriage of Mrs. Westmoreland from month to month. Her chance of life might be estimated by the tables of mortality, but not the chance of her

remarriage. Such uncertainties are fatal to a claim of judgment lien for future installments, and fatal even to an effort to prove such a debt in bankruptcy. Dunbar *v.* Dunbar, 190 U. S. 340, 23 Sup. Ct. 757, 47 L. ed. 1084. Because this uncertainty existed when the decree was signed as to all installments, it has been held by some courts that the decree could never carry a lien for any. Thus Mansfield *v.* Hill, 56 Or. 400, 107 Pac. 471, 108 Pac. 1007. On the other hand, some courts have not only held the existence of a lien from the date of the decree, but that it was good for all future as well as past-due installments, to the end that the husband might not defeat alimony by conveyance of his property. Goff *v.* Goff, 60 W. Va. 9, 53 S. E. 774, 9 Ann. Cas. 1083; Isaacs *v.* Isaacs, 117 Va. 730, 86 S. E. 105, L. R. A. 1916B, 648.

"In Georgia a judgment lien attaches to all property acquired by the defendant in the future, and such a doctrine would put Westmoreland not only where he could not sell this realty but could not engage in any form of trading or manufacture, because he could not pass good title to that which he came to own. Nor could he relieve himself by paying off the hindering lien. Such a situation would be contrary to the general policy of the law, and to avoid it a strained construction has been given to the Georgia statute preventing an alienation pending the divorce. *Singleton* v. *Close, 130 Ga.* 716, 720, 61 S. E. 722. The failure in this case to charge the alimony on any of the scheduled property suggests that court and parties intended that the property be free, except as installments in arrears might be forced by execution against the property, or as defendant might by attachment of his person be required to account for any sold." In re Westmoreland, 298 Fed. 484, 486. That judgment was reversed by the Circuit Court of Appeals, Fifth District. Westmoreland *v.* Dodd, 2 Fed. 2d, 212 (39 A. L. R. 1279). The Circuit Court of Appeals, in reversing the judgment of the district court, relied upon the cases of Isaacs *v.* Isaacs, 117 Va. 730 (86 S. E. 105, L. R. A. 1916B, 648), and Goff *v.* Goff, 60 W. Va. 9 (53 S. E. 769, 9 Ann. Cas. 1083). As pointed out by counsel for plaintiff in error, the decrees in these two cases expressly established liens on the real estate of the defendant, in which particular they differ from the case with which we are now dealing. In thus relying upon cases involving decrees providing a special lien, it would appear that very likely the Circuit Court

of Appeals, had it noticed this distinction, would have affirmed the judgment of the District Judge. However that may be, the decisions of the Federal courts where no Federal question is involved, do not constitute authority binding on this court. They are considered with very great respect, and are followed where this court is not convinced of their unsoundness. In the present case the judgment of the District Judge seems logical and sound in its reasoning, and should be followed in this case. There is no ruling in *Raines* v. *Raines*, 138 *Ga.* 790 (76 S. E. 51), in conflict with the views here expressed. It has been frequently held in this and other States that one may create valid and binding liens to secure future advances. But these are liens created by contract, and are generally upheld because such contracts affect specified property then owned, and are by law required to be recorded, and on their faces give information as to the extent and purpose of the contract to those who may be affected. In the case of official bond, Code § 572 is an expression of public policy by the lawmaking branch of the State, providing protection to public funds. It takes precedence over the generally recognized public policy in favor of free alienation of private property.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Hill, J., who dissent.*