## WALLACE *v.* WALLACE *et al.*

No. 12978. OCTOBER 10, 1939. REHEARING DENIED NOVEMBER 17, 1939.

222

*Oliver & Oliver,* for plaintiff in error.

*Aaron Kravitch, Charles E. Donnelly,* and *McLaws, McLaws & Brennan,* contra.

GRICE, Justice. The date of the verdict in the divorce suit fixing the amount and terms of the alimony was November 22, 1938. The present petition was filed on January 17, 1939. The petition contains no averment that the former husband has defaulted in any of the payments called for by the verdict and decree, or that he has threatened or intends so to do, or that he is less able now to meet the future instalments of alimony than he was the day the verdict was rendered. It was competent for the jury to award money as alimony, and it is not claimed that it was not within their power to make it payable in instalments. No lien by the judgment was expressly created on real estate of the husband. The petition is silent as to whether or not this property was scheduled by the husband; but presumably he did not schedule it, since he had transferred the title before filing the divorce suit. It was ruled in *Chero-Cola Co.* v. *May,* 169 *Ga.* 273 (149 S. E. 895, 66 A. L. R. 1469), that a judgment for permanent alimony, payable in stated monthly instalments and not for a fixed gross sum, does not create a lien for future monthly instalments on real estate, where no lien is expressly created upon such property in the judgment for alimony. The provision of section 30-112 of the Code does not affect the husband's conveyance after separation, but before suit for divorce is filed, as in the instant case. That section reads as follows: "After suit for divorce has been filed, no transfer by the husband of any of the property, except bona fide in payment of pre-existing debts, shall pass the title so as to avoid the vesting thereof according to the final verdict of the jury in the

cause." "The restriction upon the free alienation of property by the owner is contrary to public policy and will not be extended by construction beyond the plain intent and meaning of the law." *Perry* v. *First Mutual Building & Loan Association,* 174 *Ga.* 914 (164 S. E. 804), and cit. The prayer of petitioner, that, "in accordance with the law, a portion of the defendant's estate, equivalent to her interest therein, and sufficient to afford her $75.00 per month as alimony, be set apart to petitioner during her life as a guaranty of the continuance of her support and the payment of her permanent alimony during the remainder of her life," can not be granted, for to do so would be to revise and annul in a separate proceeding the verdict of the jury granting permanent alimony; and this can not be done. *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977). The verdict, unexcepted to, becomes final. The jury not having provided that the judgment for alimony be payable out of particular property, or that future instalments be a special lien against any property of the husband, the petitioner can not be aided in this respect by a court of equity.

But it is said, that, independent of any right given to her by the divorce and alimony statutes, the money judgment for alimony gives her the status of a creditor who has the right to go into equity and have canceled a fraudulent conveyance made to defraud her of her right. Compare *Stephens* v. *Stephens,* 168 *Ga.* 630 (1 *a*) (148 S. E. 522). We concede that a party may make a conveyance with actual intent to defraud a future creditor or to defeat a debt which, though contemplated, is not yet in actual existence. *Sullivan* v. *Ginsberg,* 180 *Ga.* 840 (1 *b*), 845 (181 S. E. 163), and cit. Unless, however, the creditor is hurt by the fraudulent conveyance, relief will be denied. How has the former wife been hurt? The former husband has not failed or refused to meet the instalments as they become due. He is not alleged to be in arrears a single cent; and in the absence of a threat or purpose on his part to cease the payments, her present effort to attack the fraudulent conveyance is premature. Taking, as we do on demurrer, her every averment to be true, and supposing the deeds were set aside, what is to hinder him in furtherance of his original design from selling the same property to some innocent person, and putting the money in his pocket beyond the reach of a levy? The remedy of contempt, if the facts justified it, could be applied, of

course; but so it could even if, without granting the relief here prayed for, he without just cause refuses to meet, when they become due, the future instalments. The petitioner is not entitled to cancellation, on the doctrine referred to in *Stephens* v. *Stephens*, supra, because she shows no damage, and no threatened damage. In the *Stephens* case it was alleged that the divorced husband was in arrears several hundred dollars in his alimony payments. The petition was properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur.*