The petition of a wife suing for alimony and for cancellation of a deed alleged to have been made by her husband with the intention on his part, known to the grantees, to delay and defraud the plaintiff with respect to her claim for alimony, stated a cause of action, and it was error to sustain a general demurrer filed by such grantees and dismiss the petition as to them.
(a) The allegations respecting valuable properties retained by the husband after executing the questioned conveyance did not conclusively and as a matter of law rebut the positive allegation that he did execute such conveyance with intent to delay and defraud the plaintiff in relation to her claim for alimony.
(b) Although, under the allegations of the petition, the deed appears to be valid as between the grantor and grantees, this fact would not prevent its cancellation in so far as the rights of the plaintiff are concerned, the petition being otherwise sufficient as a pleading to authorize such relief.
 No. 16530. MARCH 15, 1949.
On August 17, 1948, Ada S. von Kamp filed a suit in the Superior Court of Richmond County against her husband, A. B. von Kamp, and other persons, namely, Irene von Kamp Gary, Ada Claire Higgins, and Georgia Railroad Bank Trust Company, seeking a judgment for alimony against her husband and equitable relief as against him and the other defendants named. The court sustained a general demurrer filed by Irene von Kamp Gary and Ada Claire Higgins, dismissing the petition as to them, and to this judgment the plaintiff excepted. The material allegations of the petition were substantially as follows:
The plaintiff and the defendant, A. B. von Kamp, are husband and wife, having been married November 11, 1891. The plaintiff separated from the defendant, A. B. von Kamp, on or about *Page 876 
July 9, 1948, and said parties are now living in a bona fide state of separation. Said separation was caused by the cruel treatment of the plaintiff by said defendant within the meaning of the law. His conduct has included the treatment of the plaintiff with disrespect, contempt, and abuse, wilfully causing her bodily and mental pain and suffering and resulting in detriment to her health and nerves. The plaintiff is unable longer to tolerate such treatment and to live with said defendant, and there is no chance of reconciliation. All property owned by the plaintiff consists of clothing, personal effects, household furniture, twenty shares of stock of Commercial Investment Trust, and ninety shares of stock of Safeway Stores. The defendant, A. B. von Kamp, has considerable wealth in real and personal property, which the plaintiff estimates and alleges to be of a value in excess of $400,000. He retired from active business several years ago, but has a substantial income from rents, dividends, and other sources, which the plaintiff estimates to be in excess of $15,000 per year. The plaintiff's said husband is not now contributing to her support and maintenance, and the plaintiff has no other source of income. On or about July 21, 1948, the defendant, A. B. von Kamp, published a notice in an Augusta newspaper to the effect that he would no longer be responsible for any bills or expenses of any person other than himself, and has otherwise disclaimed liability for the plaintiff's support and maintenance.
Under date of July 12, 1948, shortly after said separation, the defendant, A. B. von Kamp, made a voluntary conveyance, by deed of gift to the defendants, Irene von Kamp Gary and Ada Claire Higgins, of the real estate and improvements thereon located at 856-58 Broad Street, Augusta, Georgia, which produce a rental of approximately $10,000 per year, said real estate being of the present value of $250,000 or $300,000, and comprising the major asset of the defendant's estate.
Said voluntary conveyance was an effort by the defendant, A. B. von Kamp, to place said property beyond the reach of the plaintiff and to divest himself of the ownership thereof with the purpose and intent to hinder, delay, and defeat the plaintiff in her claim for temporary and permanent alimony. Irene von Kamp Gary and Ada Claire Higgins, the grantees in said deed, *Page 877 
knew at the time of the execution thereof that the grantor, A. B. von Kamp, was living separate and apart from the plaintiff, and knew also or had grounds for reasonable suspicion that the purpose of said deed was to defeat the plaintiff's right to alimony. The defendant, A. B. von Kamp, by such conveyance intended to hinder, delay, and defraud the plaintiff, and such intention was known to the defendants, Irene von Kamp Gary and Ada Claire Higgins, the grantees.
On or about the same day that said A. B. von Kamp made said voluntary conveyance, he also withdrew from the Georgia Railroad Bank Trust Company virtually all cash money standing on deposit in his name, consisting of a sum in excess of $10,000; and while living separate and apart from the plaintiff gave the same to the defendants, Irene von Kamp Gary and Ada Claire Higgins, voluntarily and without consideration, and for the purpose and with the intention of hindering, delaying, and defrauding the plaintiff in her claim for alimony; and such gift was a part of a deliberate scheme and design on the part of said A. B. von Kamp to hinder, delay, and defraud the plaintiff in her claim for alimony, and such purpose and intention were known to the defendants, Irene von Kamp Gary and Ada Claire Higgins.
Said deed is invalid and ineffective to pass the title to said real estate as against the plaintiff, and the plaintiff is entitled to have said deed set aside and canceled.
Although the defendant, A. B. von Kamp, has carefully and persistently withheld from the plaintiff such information as he could regarding his property and financial affairs, the plaintiff lists herein as best she can a schedule of his property subject to her claim for temporary and permanent alimony and attorneys' fees, to wit: (Here the plaintiff listed the tract of land above described; two other described tracts in the City of Augusta; also "certain shares" of stock in four named corporations; "cash on deposit" in the defendant bank and trust company, the amount of which is unknown to the plaintiff; and a life-insurance policy on the life of the defendant, A. B. von Kamp.)
The petition contained among others the following prayers: (b) that the plaintiff be awarded temporary and permanent *Page 878 
alimony and attorneys' fees; (c) that the deed from A. B. von Kamp to the defendants, Irene von Kamp and Ada Claire Higgins, as described in the foregoing petition, be set aside and canceled; (f) for general relief. There was also a prayer for injunction against all the defendants to restrain them from changing the status of the property described, pending further order of the court, and the petition alleged that the defendant bank and trust company was made a party defendant so that it might be bound by such restraining order and injunction as may be granted.
The Code, § 28-201, declares that the following acts (among others) shall be fraudulent in law "against creditors and others, and as to them null and void:" 2. "Every conveyance of real or personal estate . . made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid." 3. "Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance."
There is no allegation or contention in this case that the defendant husband was insolvent, and therefore, in so far as the foregoing law is concerned, the deed assailed by the plaintiff as being fraudulent must stand or fall by the standard set forth in paragraph 2.
The law as stated in this paragraph or subsection may be applied in a proper case either to a deed based on a valuable consideration or to a voluntary conveyance, and this is true regardless of whether the grantor was solvent or insolvent.Clayton v. Brown, 17 Ga. 217 (2), 222; Sullivan v.Ginsberg, 180 Ga. 840 (1a) (181 S.E. 163). Thus, while the plaintiff alleged that the deed was a voluntary conveyance, it is apparent from the petition as a whole that it was based upon paragraph 2, so far as related to disposition of property.
According to several decisions by this court, a wife suing for alimony may obtain relief under the foregoing statute, as against a fraudulent conveyance by her husband. Parker v. Parker, *Page 879 148 Ga. 196 (96 S.E. 211); Donalson v. Bridges, 162 Ga. 502
(134 S.E. 302); Newton v. Falligant, 166 Ga. 450
(143 S.E. 391); Wood v. Wood, 166 Ga. 519 (3) (143 S.E. 770);Stephens v. Stephens, 168 Ga. 630 (1) (148 S.E. 522);McCallie v. McCallie, 192 Ga. 699 (1) (16 S.E.2d 562). Even if she might not be considered as a creditor in the ordinary sense, she would come within the phrase, "and others." Coulter
v. Lumpkin, 100 Ga. 784 (1), 787 (28 S.E. 459); McDowell
v. McMurria, 107 Ga. 812 (2), 816 (33 S.E. 709); McVeigh
v. Harrison, 185 Ga. 121 (194 S.E. 208); Kirby v.Johnson, 188 Ga. 701 (2a) (4 S.E.2d 643); Hudson v.Hudson, 189 Ga. 410, 411 (5 S.E.2d 912); Code, § 30-201; 24 Am. Jur. 279, § 136.
The main contentions of counsel for the defendants in error (the grantees) were stated in their brief in the form of two general questions as follows: 1. May a court of equity at the instance of the wife set aside and cancel absolutely a voluntary deed by the husband, alleged to have been made with intent to hinder, delay, and defraud the wife? 2. On demurrer, what is the effect of the wife's bare allegation that voluntary transfers by the husband were made with intent to hinder, delay, and defraud the wife, where her petition sets forth specified property retained by the husband amply sufficient to discharge the wife's claim for alimony?
Dealing with these questions in their inverse order, we cannot agree that the allegations to the effect that the husband made this deed with intent to delay and defraud his wife with respect to her claim for alimony, and that such intention was known to the grantees, must be counted for naught merely because it affirmatively appears from other allegations that the husband, while conveying voluntarily a tract of land worth approximately $250,000, retained other property aggregating in value about $150,000. The petition alleged in effect that, from all of the husband's property as it existed before this conveyance, he received an income which the plaintiff estimated as being in excess of $15,000, of which this tract of land itself produced approximately $10,000. The fact that the husband at the time of the separation owned property worth $400,000 (he having executed the deed in question only three days after the separation) would be a material factor in determining what amount of *Page 880 
alimony, if any, the plaintiff should recover. It would tend to illustrate the standard of living which they enjoyed while they lived together as husband and wife, also his ability to pay alimony in a substantial amount. Aud v. Aud, 199 Ga. 526
(1) (34 S.E.2d 655). Seemingly, therefore, the plaintiff would be entitled to have the court consider her case, as related to the husband's wealth or financial condition, just as it existed on the date of the separation, provided it be true, as alleged, that he did thereafter convey this major part of his estate with intent to delay or defraud his wife and such intention was known to the grantees. Perhaps this plaintiff may never recover as much as $150,000 as alimony, or any sum approaching that amount. Nevertheless, is she not entitled to have the case tried and to have the amount of alimony determined, considering her husband as a man worth approximately $400,000, and with an income, as alleged, of $15,000, instead of one having property worth only about three-eighths of that amount, and income even smaller in proportion?
The allegations as to fraud and notice were sufficient to withstand a general demurrer in a case falling under the Code, § 28-201 (2), supra. Ellis v. Pullman Co., 95 Ga. 445 (2) (22 S.E. 568); Shirley v. Standard Oil Co., 172 Ga. 191
(157 S.E. 267); National Bank of Savannah v. Evans, 149 Ga. 67
(99 S.E. 123); Nelson v. Estill, 190 Ga. 235 (3) (9 S.E.2d 73); 37 C. J. S. 1195, § 364; 24 Am. Jur. 329, § 212.
While the fact that the husband retained valuable properties after executing the questioned conveyance may argue strongly that he did not in fact make such conveyance with intention to delay or defraud his wife, we cannot, as a court, take these facts and use them as a matter of law to erase absolutely the positive allegations with respect to the husband's intention. See, in this connection, Keeter v. Bank of Ellijay, 190 Ga. 525 (1), 528 (9 S.E.2d 761).
Moreover, any act done by a debtor merely to delay his creditor may amount to a fraud under the provisions of this statute. "In this sense, therefore, is any intention to delay a creditor fraudulent in law. It does not follow that the intent to delay must be coupled with an actual moral fraud intended to be perpetrated by the debtor upon his creditor, in order for *Page 881 
it to constitute such a fraud as will invalidate the conveyance."Monroe Mercantile Co. v. Arnold, 108 Ga. 449 (1), 457 (34 S.E. 176). "Our statute makes void all conveyances made with intent to delay, hinder, or defraud creditors (Code, 1910, § 3224); and a conveyance, made by a debtor to his creditor, to prefer the latter, but with intent to delay other creditors, is fraudulent in law, although free from actual moral fraud, and such a preferential conveyance is void if the creditor knows of the intention of the debtor to hinder or delay his other creditors." Cowan v. Bank of Rockdale, 159 Ga. 123 (4), 126 (125 S.E. 194). See also, in this connection, Evans v.Coleman, 101 Ga. 152 (28 S.E. 645); 24 Am. Jur. 169, § 11.
So we are of the opinion that the allegations as to fraud and notice were not rebutted as a matter of law by the allegations as to the amount of property owned by the defendant after executing the deed in question.
As to the other question stated by counsel, it is true that, even though this deed should be condemned and held void as a conveyance made with intention to delay or defraud the plaintiff, it should still be treated as a valid conveyance as between the grantor and the grantees; but it does not by any means follow that the petition was subject to general demurrer as failing to state a cause of action. That is to say, while the deed may not be canceled "absolutely" so that the property may be still considered as the property of the husband for all purposes, the petition, in our opinion, alleges sufficient facts to authorize its cancellation in so far as the rights of this plaintiff are concerned.
If the prayer of the plaintiff for cancellation should be construed as praying total extinction of the deed, then of course she prayed for too much; but the petition also contained a prayer for general relief, and it seems that these prayers, in case of recovery, would authorize a decree protecting any right or title of the grantees in this property, after and subject to the right of the wife to alimony. The plaintiff should not be held to have lost her case by praying for too much. McDowell v. McMurria,107 Ga. 812 (33 S.E. 709); Pierce v. Middle Georgia Land Lumber Co., 131 Ga. 99 (2) (61 S.E. 1114); Gibbs v. H. T.Henning Co., 189 Ga. 675, 677 (7 S.E.2d 238). Nothing *Page 882 
to the contrary was ruled in McCranie v. Cobb, 174 Ga. 370
(2), 377 (162 S.E. 692).
The defendants in error rely strongly on Wallace v.Wallace, 189 Ga. 220, 223 (5 S.E.2d 580), wherein it was said: "Unless, however, the creditor is hurt by the fraudulent conveyance, relief will be denied. How has the former wife been hurt? The former husband has not failed or refused to meet the instalments as they become due. He is not alleged to be in arrears a single cent; and in the absence of a threat or purpose on his part to cease payments, her present effort to attack the fraudulent conveyance is premature." Whether or not that decision squares with other unanimous decisions as to the right of the wife to sue for alimony and in the same action to seek cancellation of a deed alleged to be void under the Code § 28-201, supra, it is distinguished by its facts from the instant case, since it appears that the opinion was based in a very material part upon the fact that the wife had already obtained a judgment for alimony payable in instalments, as to which it did not appear that the husband was in arrears.
In a case of this kind, wherein the plaintiff seeks cancellation of a deed as having been made in fraud of a creditor, in violation of Code § 28-201, supra, it is ordinarily not necessary for the plaintiff to show more than that there is a liability to the plaintiff for which judgment is prayed, and that the conveyance was made with intent to defraud the plaintiff with reference to such liability, and that such intention was known to the parties taking or that they had reasonable cause to suspect the same. It is not necessary to show that damage has actually accrued. See, in this connection, Crowell v. Brim, 191 Ga. 288
(12 S.E.2d 585); Boone v. Taylor, 185 Ga. 433
(195 S.E. 761). The request to review and overrule McCallie v.McCallie, 192 Ga. 699 (16 S.E.2d 562), must be denied.
In view of what has been said, the court erred in sustaining the general demurrer and dismissing the petition as to the demurrants.
Judgment reversed. All the Justices concur. *Page 883